OSBORN MALEDON, P.A.
David Rosenbaum, 009819
Joseph N. Roth, 025725
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jroth@omlaw.com

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz, P.C. (*pro hac vice* to be filed)
Joseph M. Sanderson (*pro hac vice* to be filed)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
lefkowitz@kirkland.com
joseph.sanderson@kirkland.com

Attorneys for Defendant Ciox Health, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mick Levin, PLC, an Arizona professional limited liability company; Bache & Lynch, PLLC, an Arizona professional limited liability company; Marcos Morales, an adult individual; John Novac, an adult individual;<br><br>Plaintiffs,<br><br>vs.<br><br>Medicopy Services, Inc., d/b/a Medicopy, a foreign for-profit (business) corporation; American Medical Response of Maricopa LLC, a foreign limited liability company; Mayo Clinic Arizona, an Arizona nonprofit corporation; Ciox Health, LLC d/b/a IOD Incorporated, a foreign limited liability company; Ciox Health, LLC, a foreign limited liability company; Hospital Development of West Phoenix, Inc. d/b/a Abrazo West Campus, a foreign for-profit (business) corporation; Yuma Regional | No.<br><br>NOTICE OF REMOVAL |

1 | Medical Center, an Arizona nonprofit corporation; Orthopedic Specialists of North America, PLLC d/b/a OrthoArizona, an Arizona professional limited liability company; Record Reproduction Services, LLC, a foreign limited liability company; Record Reproduction Services, LLC d/b/a RRS Medical, LLC, a foreign limited liability company; ScanStat Technologies, LLC, a foreign limited liability company; Banner Medical Group d/b/a The Orthopedic Clinic Association, an Arizona nonprofit corporation; Sharecare Health Data Services, LLC, a foreign limited liability company; HonorHealth, an Arizona nonprofit corporation; Sonoran Orthopaedic Trauma Surgeons, PLLC, an Arizona professional limited liability company; Tucson Medical Center, an Arizona nonprofit corporation; VHS Acquisition Subsidiary Number 1, Inc. d/b/a Abrazo Scottsdale Campus, an Arizona for-profit health care corporation; HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun, a foreign limited liability company; VHS Outpatient Clinics, Inc., d/b/a Abrazo Medical Group, a foreign for-profit health care corporation; VHS of Arrowhead, Inc. d/b/a Abrazo Arrowhead, a foreign for-profit health care corporation; Central Phoenix Medical Clinic, LLC, an Arizona limited liability company; Banner Health d/b/a Banner Del E Webb Medical Center, an Arizona nonprofit corporation; Thomas Jefferson University Hospitals, Inc., a foreign non-profit health care corporation;

Defendants.

**PLEASE TAKE NOTICE** that Defendant Ciox Health, LLC ("Ciox") hereby removes this action from the Superior Court of the State of Arizona in and for the

2

1. County of Maricopa, to the United States District Court for the District of Arizona pursuant to 28 U.S.C. §§ 1446 and 1332(d) (the Class Action Fairness Act or "CAFA"). A copy of this notice is being filed with the superior court. The grounds for removal of this action are as follows:

2. 1. On August 11, 2021, Mick Levin, PLC., an Arizona Professional Limited Liability Company; Bache & Lynch, PLLC, an Arizona Professional Limited Liability Company; Marcos Morales, an adult individual; and John Novae, an adult individual, (collectively "Plaintiffs") commenced this action by filing a Summons and Complaint (the "Complaint" or "Compl.") in the Superior Court of the State of Arizona, in and for the County of Maricopa, Case No. CV2021-012712. In general, Plaintiffs allege that Ciox and the other defendants issued invoices to the Plaintiffs for records requested by patients to be sent to the patients' legal counsel, the Plaintiffs. Plaintiffs also allege that other defendants (but not Ciox) did not provide complete medical records upon requests by patients. True and correct copies of the Summons, Complaint, and other documents filed previously in the state court proceeding are attached as **Exhibit 1**.

3. 2. Plaintiffs have not yet served the Complaint on Ciox, but sent a request for waiver of service received on or around August 19, 2021 to Corporation Service Company. Notice of Removal is thus timely under 28 U.S.C. § 1446(b)(3) because 30 days have not elapsed since Ciox received the Complaint. (See Ex. 1 at 1; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).)

4. 3. Plaintiffs allege that they bring this action on their own behalf and on behalf of the members of a proposed subclass consisting of similarly situated law firms where individuals request medical providers send their records to, and where the personal injury law firms who are being issued invoices and billed for medical records requests not made by them. (Compl. ¶ 30.) Plaintiffs also allege that they bring this action on their own behalf and on behalf of the members of a proposed subclass consisting of similarly situation individuals who request their own medical records from health care providers, and whose health care providers have refused to provide them part or all of

their records after having received a request from those who qualify under the first sub class for such records. (Compl. ¶ 31.)

4. Plaintiffs allege that there is no contract between the healthcare provider defendants and members of the first subclass when patients of clients of the first subclass request their medical records to be sent to members of the first subclass. Among other relief, they seek a declaration that they are not liable to pay the invoiced fees "when" Plaintiffs' clients request their medical records to be sent to Plaintiffs. (Compl. ¶ 99.)

5. On its face, Plaintiffs thus seek a declaration that they and other class members are not liable not only as to current invoices, but also as to any invoice that may be sent to them based on their clients' requests for an indefinite period into the future.

6. Pursuant to 28 U.S.C. § 1453(b), consent is not required for removal under CAFA. Upon information and belief, the other defendants would consent to removal in any case.

7. Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) and (b) because there is diversity of citizenship between Plaintiffs and Ciox and the amount in controversy exceeds $5,000,000. The United States District Court would, therefore, have had original jurisdiction of this matter under 28 U.S.C. § 1332(d) had the action been brought in federal court originally.

**AT LEAST ONE PLAINTIFF IS A CITIZEN OF A DIFFERENT STATE THAN AT LEAST ONE DEFENDANT.**

8. Plaintiffs are citizens of the State of Arizona. (*See* Compl. ¶¶ 1-4.)

9. Ciox is a limited liability company organized under the laws of Georgia with its principal place of business in Alpharetta, Georgia. (*See* Compl. ¶ 10.) Thus, under 28 U.S.C. § 1332(d)(10), it is considered to be a citizen solely of the State of Georgia.

10. Ciox's sole member is Smart Holding Corp., a corporation organized under

the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia. Thus, even if 28 U.S.C. § 1332(d)(10) were inapplicable, Ciox would be a citizen of Delaware and Georgia.

11. Upon information and belief, several other defendants are citizens of states other than Arizona.

**THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

12. The amount in controversy in this case exceeds $5,000,000, exclusive of interest and costs.

13. Plaintiffs defined the proposed class as:
   1. Subclass 1:
      a. Similarly situated law firms where individuals request medical providers send their records to;
      b. Where the personal injury law firms who are being issued invoices and billed for medical records requests not made by them.
   2. Subclass 2:
      a. Similarly situated individuals who request their own medical records from health care providers;
      b. Whose health care providers have refused to provide them part or all of their records after having received a request from those who qualify under Sub Class 1 for such records.

(Compl. ¶¶ 30-31.)

14. Ciox's preliminary estimates indicate that thousands of requests, from hundreds of putative class members, meet this definition. Ciox alone has issued at least $926,000 in invoices to class members, with approximately $530,000 in 2020 alone. Thus, even if Plaintiffs had only sued Ciox, the declaratory judgment they seek would affect over $5 million in liability on these invoices within a matter of years.

15. But Plaintiffs did not sue only Ciox. Instead, they sued a wide range of other health care providers and medical records services across Arizona. Under CAFA, the claims of individual class members are aggregated when determining whether CAFA's amount in controversy requirement is met. One of the Defendants, Banner Health, alone received 139,459 requests leading to invoices in the amount of $3,220,041 being sent to class members from 2017 to July 2021. Based on discussions with counsel for Banner Health and other defendants, as well as Ciox's experience in providing medical records services, the size of the hospitals named as defendants, and the number of records requests that facilities of that size would receive, Ciox is informed and believes and therefore alleges that the declaration sought would impact more than $5 million in invoiced liability across all of the defendants in this action in a single year from requests leading to invoices being sent to class members.

16. Plaintiffs also seek injunctive relief against certain defendants, and based on Ciox's experience in providing medical records services, Ciox is informed and believes and therefore alleges that the injunctive relief sought would impose substantial costs on the defendants against whom that relief is sought, at minimum adding hundreds of thousands of dollars to the amount in controversy in this action over the indefinite period for which the injunction is sought.

17. Thus, while Plaintiffs did not limit the class by date, under any class period, upon information and belief, the amount of the total number of invoices issued to members of the putative class by all of the defendants would result in an amount in controversy that would exceed $5 million, exclusive of interest and costs.

**THE CLASS SIZE IS IN EXCESS OF 100 MEMBERS**

18. While the class definitions in the Complaint are not a model of clarity and arguably are improperly defined in a "fail-safe" or argumentative manner, both subclasses plainly are intended to cover large classes that exceed 100 members.

19. Subclass 1 contains every law firm in Arizona that receives and is billed for medical records requests. Based on the number of personal injury law firms in

Arizona who would make this type of request and thus receive a corresponding invoice, the number of proposed plaintiff class members in the aggregate would greatly exceed 100. For example, Martindale-Hubbell's website lists 3884 attorneys at 1854 law firms when searching for plaintiffs' personal injury lawyers in Arizona and 1005 lawyers at 571 law firms when searching for plaintiffs' medical malpractice lawyers in Arizona. While Ciox is still in the process of analyzing the number of law firms to which it was requested to send records, Ciox anticipates based on the number of requests that Ciox alone has received that the number of law firms to which they were sent will substantially exceed 100, and that other defendants will similarly have processed requests for well over 100 law firms.

20. Similarly, upon information and belief, the number of patients who request their records from the providers to whom Subclass 2 is applicable substantially exceed 100.

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

21. The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), does not apply to this case because during the three-year period preceding the filing of this action, other class actions asserting similar factual allegations have been alleged against defendants. Among other things, within the three-year period, putative class actions alleging improper charges for medical records against Ciox, including putative class actions specifically contending that Ciox overcharged personal injury attorneys for requests made by their clients for delivery of medical records to the attorneys or allegations of failing to provide all medical records requested, have been filed in states including at least Wisconsin, Montana, and South Carolina, and Ciox has been impleaded as a third-party defendant into other putative class actions against its customers.

22. The "home-state controversy" exception, 28 U.S.C. § 1332(d)(4)(B), does not apply to this case because, among other things, Ciox is a primary defendant and is not a citizen of Arizona.

23. Exhibit 1 contains true and correct copies of all process, pleadings, and orders served upon or otherwise received by Ciox.

24. Promptly after the filing of this Notice of Removal, Ciox will notify Plaintiffs and the Clerk of the Superior Court of the State of Arizona in and for the County of Maricopa that this case has been removed.

DATED this 17th day of September, 2021.

OSBORN MALEDON, P.A.

By /s/ Joseph N. Roth
David Rosenbaum
Joseph N. Roth
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012-2793

KIRKLAND & ELLIS LLP
Jay P. Lefkowitz, P.C. (*pro hac vice* to be filed)
Joseph M. Sanderson (*pro hac vice* to be filed)
601 Lexington Avenue
New York, New York 10022

Attorneys for Defendant Ciox Health, LLC