# EXHIBIT 1



Case and Party Search     Case and Event Search

«Back to search results

| Case Details | Results 1 - 1 of 1 for . (0.02 seconds) |

## Case Information

| Search Case Number | Case Filing Date | Case Title | Case General Category Description | Case Category Short Description | Case Status | Court Name | Judicial Officer Name |
|---|---|---|---|---|---|---|---|
| CV2021012712000 | 08/11/2021 | Mick Levin P L C, Et.Al. Vs. Medicopy Services Inc | Civil | 150-199 - Other | 01 - New Case | Maricopa County Superior | |

## Party Information

| First Name | Middle Name | Last Name | Date Of Birth | Role | City | State | Vehicle Registration Hold |
|---|---|---|---|---|---|---|---|
| Mick | | Levin | | Attorney | | | N |
| | | Mick Levin P L C | | Plaintiff | | | N |
| | | Bache & Lynch P L L C | | Plaintiff | | | N |
| | | American Medical Response Of Maricopa L L C | | Defendant | | | N |
| | | Medicopy Services Inc | | Defendant | | | N |
| | | Yuma Regional Medical Center | | Defendant | | | N |
| | | Hospital Development Of West Phoenix Inc | | Defendant | | | N |
| | | Orthopedic Specialists Of North America P L L C | | Defendant | | | N |
| | | Banner Medical Group | | Defendant | | | N |
| | | Sharecare Health Data Services L L C | | Defendant | | | N |
| | | Honorhealth | | Defendant | | | N |
| | | V H S Of Arrowhead Inc | | Defendant | | | N |
| | | Thomas Jefferson University Hospitals Inc | | Defendant | | | N |
| ANDREW | M | FEDERHAR | | Attorney | | | N |
| Marcos | | Morales | | Plaintiff | | | N |
| | | Mayo Clinic Arizona | | Defendant | | | N |
| John | | Novac | | Plaintiff | | | N |
| | | Ciox Health L L C | | Defendant | | | N |
| | | Record Reproduction Services L L C | | Defendant | | | N |
| | | Scanstat Technologies L L C | | Defendant | | | N |

| First Name | Middle Name | Last Name | Date Of Birth | Role | City | State | Vehicle Registration Hold |
|---|---|---|---|---|---|---|---|
| | | V H S Acquisition Subsidiary Number 1 Inc | | Defendant | | | N |
| | | Healthsouth Valley Of The Sun Rehabilitation Hospital L L C | | Defendant | | | N |
| | | Tucson Medical Center | | Defendant | | | N |
| | | Sonoran Orthopaedic Trauma Surgeons P L L C | | Defendant | | | N |
| | | V H S Outpatient Clinics Inc | | Defendant | | | N |
| | | Central Phoenix Medical Clinic L L C | | Defendant | | | N |
| | | Banner Health | | Defendant | | | N |

## Charge Information

| Charge Code | Charge Description | Charge Class | Disposition | Disposition Date |
|---|---|---|---|---|

## Case Event Information

| Event Type Description | Event Date | Preview Document | Add to Cart |
|---|---|---|---|
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| NJT - Not Demand For Jury Trials | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| COM - Complaint | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |

| Event Type Description | Event Date | Preview Document | Add to Cart |
|---|---|---|---|
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| SUM - Summons | 08/11/2021 | | Add to Cart |
| WSS - Waiver Of Service Of Summons | 09/02/2021 | | Add to Cart |
| NAR - Notice Of Appearance | 09/03/2021 | | Add to Cart |
| MTA - Motion To Amend | 08/26/2021 | | Add to Cart |
| CAN - Credit Memo Appearance Fee Paid | 09/15/2021 | | Add to Cart |
| AFM - Affidavit of Service Registered/Certified Mail | 09/09/2021 | | Add to Cart |

## Hearing Information

| CourtRoom Description | Date | Description | Description |
|---|---|---|---|
| No data available in table | | | |



**null / ALL**
**Transmittal Number: 23660709**
**Date Processed: 08/20/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Kim Smith<br>CIOX Health, LLC<br>925 N Point Pkwy<br>Ste 350<br>Alpharetta, GA 30005-5214 |
| **Electronic copy provided to:** | Yenis Molina<br>Dart Jackson |

| | |
|---|---|
| **Entity:** | CIOX Health, LLC<br>Entity ID Number  2197397 |
| **Entity Served:** | Ciox Health, LLC |
| **Title of Action:** | Mick Levin, PLC, E vs. Medicopy Services, Inc., dba Medicopy, |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Maricopa County Superior Court, AZ |
| **Case/Reference No:** | CV2021-012712 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 08/19/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Regular Mail |
| Sender Information: | Mick Levin<br>480-865-3051 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

1  **MICK LEVIN, ESQ.,** (SBN 021891)
   micklevin@mlplc.com
2  **MICK LEVIN, P.L.C.**
3  3401 N. 32nd Street
   Phoenix, AZ 85018
4  Ph: 480-865-3051 / 866-707-7222
   Fax: 800-385-1684
5
6  *Attorneys for Plaintiffs*

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8               **IN AND FOR THE COUNTY OF MARICOPA**

9

10  Mick Levin, PLC., an Arizona Professional          Case No.   CV2021-012712
    Limited Liability Company; Bache & Lynch,
11  PLLC, an Arizona Professional Limited              **WAIVER OF SERVICE RE:**
    Liability Company; Marcos Morales, an adult        **DEFENDANT**
12  individual; John Novac, an adult individual;       **Ciox Health, LLC**
13         Plaintiffs,
14
    v.
15
16  Medicopy Services, Inc., d/b/a Medicopy, a
    Foreign For-Profit (Business) Corporation;
17  American Medical Response of Maricopa,
    LLC, a Foreign Limited Liability Company;
18  Mayo Clinic Arizona, an Arizona Nonprofit
    Corporation; Ciox Health, LLC d/b/a IOD
19  Incorporated, a Foreign Limited Liability
    Company; Ciox Health, LLC, a Foreign
20  Limited Liability Company; Hospital
    Development of West Phoenix, Inc. d/b/a
21  Abrazo West Campus a Foreign For-Profit
    (Business) Corporation; Yuma Regional
22  Medical Center, an Arizona Nonprofit
    Corporation; Orthopedic Specialists of North
23  America, PLLC d/b/a OrthoArizona, an
    Arizona Professional Limited Liability
24  Company; Record Reproduction Services,
25  LLC, a Foreign Limited Liability Company;
26

1  Record Reproduction Services, LLC d/b/a
   RRS Medical, LLC, a Foreign Limited
2  Liability Company; ScanStat Technologies,
   LLC, a Foreign Limited Liability Company;
3  Banner Medical Group d/b/a The Orthopedic
   Clinic Association, an Arizona Nonprofit
4  Corporation; Sharecare Health Data
   Services, LLC, a Foreign Limited Liability
5  Company; HonorHealth, an Arizona
   Nonprofit Corporation; Sonoran Orthopaedic
6  Trauma Surgeons, PLLC, an Arizona
7  Professional Limited Liability Company;
   Tucson Medical Center, an Arizona Nonprofit
8  Corporaton; VHS Acquisition Subsidiary
   Number 1, Inc. d/b/a Abrazo Scottsdale
9  Campus, an Arizona For-Profit Health Care
10 Corporation; HealthSouth Valley of the Sun
   Rehabilitation Hospital, LLC d/b/a
11 Encompass Health Valley of the Sun, a
   Foreign Limited Liability Company; VHS
12 Outpatient Clinics, Inc., d/b/a Abrazo Medical
13 Group, a Foreign For-Profit Health Care
   Corporation; VHS of Arrowhead, Inc. d/b/a
14 Abrazo Arrowhead, a Foreign For-Profit
15 Health Care Corporation; Central Phoenix
   Medical Clinic, LLC, an Arizona Limited
16 Liability Company; Banner Health d/b/a
17 Banner Del E Webb Medical Center, an
   Arizona Nonprofit Corporation; Thomas
18 Jefferson University Hospitals, Inc., a
   Foreign Non-Profit Health Care Corporation;
19
20               Defendants.

21

22      TO: Plaintiffs and Mick Levin, attorney:

23       I, _____, acknowledge receipt of your request that I waive

24 service of  summons upon **Ciox Health, LLC**. in the above captioned action in the

25 Superior Court of the State of Arizona in and for the County of Maricopa.

26

                                    2

I have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after the Request for Waiver of Service of Summons was sent, or within ninety (90) days after that date if the request was sent outside the United States.

DATED this _____ day of _____, 2021

_____

Representative for **Ciox Health, LLC**

## **DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading.  A defendant located in the  United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

4

**MICK LEVIN, ESQ.,** (SBN 021891)
micklevin@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N. 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Mick Levin, PLC., an Arizona Professional Limited Liability Company; Bache & Lynch, PLLC, an Arizona Professional Limited Liability Company; Marcos Morales, an adult individual; John Novac, an adult individual; | Case No. ___CV2021-012712___ <br><br> **WAIVER OF SERVICE RE:** <br> **DEFENDANT** <br> **Ciox Health, LLC** |

  Plaintiffs,

v.

Medicopy Services, Inc., d/b/a Medicopy, a Foreign For-Profit (Business) Corporation; American Medical Response of Maricopa, LLC, a Foreign Limited Liability Company; Mayo Clinic Arizona, an Arizona Nonprofit Corporation; Ciox Health, LLC d/b/a IOD Incorporated, a Foreign Limited Liability Company; Ciox Health, LLC, a Foreign Limited Liability Company; Hospital Development of West Phoenix, Inc. d/b/a Abrazo West Campus a Foreign For-Profit (Business) Corporation; Yuma Regional Medical Center, an Arizona Nonprofit Corporation; Orthopedic Specialists of North America, PLLC d/b/a OrthoArizona, an Arizona Professional Limited Liability Company; Record Reproduction Services, LLC, a Foreign Limited Liability Company;

1   Record Reproduction Services, LLC d/b/a
2   RRS Medical, LLC, a Foreign Limited
    Liability Company; ScanStat Technologies,
3   LLC, a Foreign Limited Liability Company;
    Banner Medical Group d/b/a The Orthopedic
4   Clinic Association, an Arizona Nonprofit
    Corporation; Sharecare Health Data
5   Services, LLC, a Foreign Limited Liability
    Company; HonorHealth, an Arizona
6   Nonprofit Corporation; Sonoran Orthopaedic
7   Trauma Surgeons, PLLC, an Arizona
    Professional Limited Liability Company;
8   Tucson Medical Center, an Arizona Nonprofit
    Corporaton; VHS Acquisition Subsidiary
9   Number 1, Inc. d/b/a Abrazo Scottsdale
10  Campus, an Arizona For-Profit Health Care
    Corporation; HealthSouth Valley of the Sun
11  Rehabilitation Hospital, LLC d/b/a
    Encompass Health Valley of the Sun, a
12  Foreign Limited Liability Company; VHS
13  Outpatient Clinics, Inc., d/b/a Abrazo Medical
    Group, a Foreign For-Profit Health Care
14  Corporation; VHS of Arrowhead, Inc. d/b/a
    Abrazo Arrowhead, a Foreign For-Profit
15  Health Care Corporation; Central Phoenix
16  Medical Clinic, LLC, an Arizona Limited
    Liability Company; Banner Health d/b/a
17  Banner Del E Webb Medical Center, an
    Arizona Nonprofit Corporation; Thomas
18  Jefferson University Hospitals, Inc., a
19  Foreign Non-Profit Health Care Corporation;

20              Defendants.

21

22  TO: Plaintiffs and Mick Levin, attorney:

23      I, _____, acknowledge receipt of your request that I waive

24  service of  summons upon **Ciox Health, LLC**. in the above captioned action in the

25  Superior Court of the State of Arizona in and for the County of Maricopa.

26

                                    2

I have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after the Request for Waiver of Service of Summons was sent, or within ninety (90) days after that date if the request was sent outside the United States.

DATED this _____ day of _____, 2021

_____

Representative for **Ciox Health, LLC**

3

## **DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS**

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and the pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

4

MICK LEVIN, P.L.C.
ATTORNEYS AT LAW
3401 N. 32ND STREET
PHOENIX, ARIZONA 85018



FOREVER / USA

Mick Levin, PLC
3401 N 32nd st
Phoenix, AZ 85018

# MICK LEVIN P.L.C.

### ATTORNEYS AT LAW

MICK LEVIN
ATTORNEY
MICKLEVIN@MLPLC.COM

JOHN ROBERTSON
ATTORNEY
JOHNROBERTSON@MLPLC.COM

ALEXANDRA G. VAN DUFFELEN
ATTORNEY
ALEX@MLPLC.COM

STEWART GROSS
ATTORNEY - OF COUNSEL
STEWART@SFGROSSLAW.COM

**August 17, 2021**
**VIA US MAIL ONLY:**

Ciox Health, LLC
c/o Statutory Agent
Corporation Service Company
8825 N. 23rd Ave., Ste. 100
Phoenix, AZ 85021

RE:    Mick Levin, PLC v Medicopy et al

Dear Sir/Madam:

Enclosed please find the Complaint and Summons, which have been filed with the Court in the above-named action. I have also enclosed two copies of a Waiver of Service.  Please sign one Waiver where indicated and return it to my office in the enclosed self-addressed, stamped envelope.  The other Waiver is for you to keep for your records.

You should forward a copy of these documents to your insurance company as soon as possible.

Should you have any questions or concerns regarding this matter, please contact your insurance company.

Sincerely,

Mick Levin
ML/cb

Enclosures as stated

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/11/2021 2:38:48 PM
Filing ID 13237960

Person/Attorney Filing: Mick Levin
Mailing Address: 3401 N. 32nd Street
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480)865-3051
E-Mail Address: micklevin@mlplc.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 021891, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Mick Levin, PLC, et al.
Plaintiff(s),
v.
Medicopy Services, Inc., DBA
Medicopy, et al.
Defendant(s).

Case No.  **CV2021-012712**

**SUMMONS**

To: Ciox Health, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZTurboCourt.gov Form Set #5985284

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *August 11, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5985284

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/11/2021 2:38:48 PM
Filing ID 13237954

1  **MICK LEVIN, ESQ.**, (SBN 021891)
   micklevin@mlplc.com
2  **MICK LEVIN, P.L.C.**
   3401 N. 32nd Street
3  Phoenix, AZ 85018
   Ph: 480-865-3051 / 866-707-7222
4  Fax: 800-385-1684

5  *Attorneys for Plaintiffs*

6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

7

## IN AND FOR THE COUNTY OF MARICOPA

8

9  Mick Levin, PLC., an Arizona Professional      Case No. _____CV2021-012712_____
   Limited Liability Company; Bache & Lynch,
10 PLLC, an Arizona Professional Limited          **DEMAND FOR JURY TRIAL**
   Liability Company; Marcos Morales, an
11 adult individual; John Novac, an adult
   individual;
12         Plaintiffs,

13 v.

14 Medicopy Services, Inc., d/b/a Medicopy, a
   Foreign For-Profit (Business) Corporation;
15 American Medical Response of Maricopa,
   LLC, a Foreign Limited Liability Company;
16 Mayo Clinic Arizona, an Arizona Nonprofit
   Corporation; Ciox Health, LLC d/b/a IOD
17 Incorporated, a Foreign Limited Liability
   Company; Ciox Health, LLC, a Foreign
18 Limited Liability Company; Hospital
   Development of West Phoenix, Inc. d/b/a
19 Abrazo West Campus a Foreign For-Profit
   (Business) Corporation; Yuma Regional
20 Medical Center, an Arizona Nonprofit
   Corporation; Orthopedic Specialists of
21 North America, PLLC d/b/a OrthoArizona,
   an Arizona Professional Limited Liability
22

1   Company; Record Reproduction Services,
    LLC, a Foreign Limited Liability Company;
2   Record Reproduction Services, LLC d/b/a
    RRS Medical, LLC, a Foreign Limited
3   Liability Company; ScanStat Technologies,
    LLC, a Foreign Limited Liability Company;
4   Banner Medical Group d/b/a The
    Orthopedic Clinic Association, an Arizona
5   Nonprofit Corporation; Sharecare Health
    Data Services, LLC, a Foreign Limited
6   Liability Company; HonorHealth, an
    Arizona Nonprofit Corporation; Sonoran
7   Orthopaedic Trauma Surgeons, PLLC, an
    Arizona Professional Limited Liability
8   Company; Tucson Medical Center, an
    Arizona Nonprofit Corporaton; VHS
9   Acquisition Subsidiary Number 1, Inc. d/b/a
    Abrazo Scottsdale Campus, an Arizona
10  For-Profit Health Care Corporation;
    HealthSouth Valley of the Sun
11  Rehabilitation Hospital, LLC d/b/a
    Encompass Health Valley of the Sun, a
12  Foreign Limited Liability Company; VHS
    Outpatient Clinics, Inc., d/b/a Abrazo
13  Medical Group, a Foreign For-Profit Health
    Care Corporation; VHS of Arrowhead, Inc.
14  d/b/a Abrazo Arrowhead, a Foreign For-
    Profit Health Care Corporation; Central
15  Phoenix Medical Clinic, LLC, an Arizona
    Limited Liability Company; Banner Health
16  d/b/a Banner Del E Webb Medical Center,
    an Arizona Nonprofit Corporation; Thomas
17  Jefferson University Hospitals, Inc., a
    Foreign Non-Profit Health Care
18  Corporation;
              Defendants.

19

20

21              THIS SPACE IS LEFT INTENTIONALLY BLANK

22

1    Plaintiffs, pursuant to the Arizona Rules of Civil Procedure, hereby

2  requests that this matter be tried to a jury.

3

4                DATED this 11th day of August, 2021

5                        MICK LEVIN, P.L.C.

6                        /s/ Mick Levin
                         Mick Levin
7                        *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/11/2021 2:38:48 PM
Filing ID 13237953

1 | **MICK LEVIN, ESQ.,** (SBN 021891)
micklevin@mlplc.com
2 | **MICK LEVIN, P.L.C.**
3401 N. 32nd Street
3 | Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
4 | Fax: 800-385-1684

5 | *Attorneys for Plaintiffs*

6 |

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 |

**IN AND FOR THE COUNTY OF MARICOPA**

8 |

9 | Mick Levin, PLC., an Arizona Professional Limited Liability Company; Bache & Lynch,

Case No. _____

CV2021-012712

10 | PLLC, an Arizona Professional Limited Liability Company; Marcos Morales, an

**COMPLAINT**

11 | adult individual; John Novac, an adult individual;

12 |       Plaintiffs,

(Declaratory Judgment)

13 | v.

14 | Medicopy Services, Inc., d/b/a Medicopy, a Foreign For-Profit (Business) Corporation;
15 | American Medical Response of Maricopa, LLC, a Foreign Limited Liability Company;
16 | Mayo Clinic Arizona, an Arizona Nonprofit Corporation; Ciox Health, LLC d/b/a IOD
17 | Incorporated, a Foreign Limited Liability Company; Ciox Health, LLC, a Foreign
18 | Limited Liability Company; Hospital Development of West Phoenix, Inc. d/b/a
19 | Abrazo West Campus a Foreign For-Profit (Business) Corporation; Yuma Regional
20 | Medical Center, an Arizona Nonprofit Corporation; Orthopedic Specialists of
21 | North America, PLLC d/b/a OrthoArizona, an Arizona Professional Limited Liability
22 |

1  Company; Record Reproduction Services,
LLC, a Foreign Limited Liability Company;
2  Record Reproduction Services, LLC d/b/a
RRS Medical, LLC, a Foreign Limited
3  Liability Company; ScanStat Technologies,
LLC, a Foreign Liability Company;
4  Banner Medical Group d/b/a The
Orthopedic Clinic Association, an Arizona
5  Nonprofit Corporation; Sharecare Health
Data Services, LLC, a Foreign Limited
6  Liability Company; HonorHealth, an
Arizona Nonprofit Corporation; Sonoran
7  Orthopaedic Trauma Surgeons, PLLC, an
Arizona Professional Limited Liability
8  Company; Tucson Medical Center, an
Arizona Nonprofit Corporaton; VHS
9  Acquisition Subsidiary Number 1, Inc. d/b/a
Abrazo Scottsdale Campus, an Arizona
10  For-Profit Health Care Corporation;
HealthSouth Valley of the Sun
11  Rehabilitation Hospital, LLC d/b/a
Encompass Health Valley of the Sun, a
12  Foreign Limited Liability Company; VHS
Outpatient Clinics, Inc., d/b/a Abrazo
13  Medical Group, a Foreign For-Profit Health
Care Corporation; VHS of Arrowhead, Inc.
14  d/b/a Abrazo Arrowhead, a Foreign For-
Profit Health Care Corporation; Central
15  Phoenix Medical Clinic, LLC, an Arizona
Limited Liability Company; Banner Health
16  d/b/a Banner Del E Webb Medical Center,
an Arizona Nonprofit Corporation; Thomas
17  Jefferson University Hospitals, Inc., a
Foreign Non-Profit Health Care
18  Corporation;
       Defendants.

19

20       For their complaint against Defendants, Plaintiffs plead as follows:

21                          **Jurisdictional Allegations**

22

1.  At all times material hereto, Plaintiff Mick Levin, PLC was an Arizona Professional Limited Liability Company with a principal place of business in Maricopa County, Arizona.

2.  At all times material hereto, Plaintiff Bache & Lynch, PLLC was an Arizona Professional Limited Liability Company with a principal place of business in Pima County, Arizona.

3.  At all times material hereto, Plaintiff Marcos Morales, was a resident of Maricopa County, Arizona.

4.  At all times material hereto, Plaintiff John Novac, was a resident of Maricopa County, Arizona.

5.  At all times material hereto, Defendant Medicopy Services, Inc. d/b/a Medicopy ("Medicopy"), was a Tennessee For-Profit Document Management Services Corporation.

6.  At all times material hereto, Defendant American Medical Response of Maricopa, LLC., was a Delaware Limited Liability Company doing business in Maricopa County, Arizona.

7.  At all times material hereto, Defendant Central Phoenix Medical Clinic, LLC, was an Arizona Limited Liability Company.

8.  At all times material hereto, Defendant Ciox Health, LLC d/b/a IOD Incorporated was a Georgia Limited Liability Company.

9.  At all times material hereto, Defendant Mayo Clinic Arizona was an Arizona Domestic Nonprofit Corporation.

10. At all times material hereto, Defendant Ciox Health, LLC. was a Georgia Limited Liability Company.

11. At all times material hereto, Defendant Hospital Development of West Phoenix, Inc., d/b/a Abrazo West Campus ("Abrazo West Campus") was a Delaware For-Profit Health Care Corporation doing business in Maricopa County, Arizona.

12. At all times material hereto, Defendant Vanguard Health Management, Inc. d/b/a Abrazo Community Health Network ("Abrazo Community Health Network") was a Delaware For-Profit Health Care Corporation doing business in Maricopa County, Arizona.

13. At all times material hereto, Defendant Yuma Regional Medical Center was an Arizona Nonprofit Corporation.

14. At all times material hereto, Defendant Orthopedic Specialists of North America d/b/a OrthoArizona ("OrthoArizona") was an Arizona Professional Limited Liability Company.

15. At all times material hereto, Defendant Record Reproduction Services, LLC was a Delaware Limited Liability Company.

16. At all times material hereto, Defendant Record Reproduction Services, LLC d/b/a RS Medical, LLC ("RRS Medical") was a Delaware Limited Liability Company.

17. At all times material hereto, Defendant ScanStat Technologies, LLC was a Delaware Limited Liability Company.

18. At all times material hereto, Defendant Dignity Health was a California Nonprofit Corporation doing business in Maricopa County, Arizona.

19. At all times material hereto, Defendant Banner Medical Group d/b/a The Orthopedic Clinic Association ("Orthopedic Clinic") was an Arizona Nonprofit Corporation.

20. At all times material hereto, Defendant Sharecare Health Data Services ("Sharecare") was a Delaware Limited Liability Company.

21. At all times material hereto, Defendant HonorHealth was an Arizona Domestic Nonprofit Corporation.

22. At all times material hereto, Defendant Sonoran Orthopaedic Trauma Surgeons, PLLC ("Sonoran Orthopedic") was an Arizona Professional Limited Liability Company.

23. At all times material hereto, Defendant VHS Acquisition Subsidiary Number 1, Inc. d/b/a Abrazo Scottsdale Campus ("Abrazo Scottsdale Campus") was an Arizona For-Profit Health Care corporation.

24. At all times material hereto, Defendant HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun ("Encompass Health") was a Delaware Limited Liability Company doing business in Maricopa County, Arizona.

25. At all times material hereto, Defendant VHS Outpatient Clinics, Inc., d/b/a Abrazo Medical Group ("Abrazo Medical Group") was a Delaware For-

1    Profit Health Care corporation doing business in Maricopa County,

2    Arizona.

3    26.    At all times material hereto, Defendant VHS of Arrowhead, Inc., d/b/a

4    Abrazo Arrowhead ("Abrazo Arrowhead") was a Delaware For-Profit Health

5    Care corporation doing business in Maricopa County, Arizona.

6    27.    At all times material hereto, Defendant Thomas Jefferson University

7    Hospital, Inc. ("Jefferson Medical Group") was a Pennsylvania corporation

8    doing business in Pennsylvania.

9    28.    At all times material hereto, Defendants American Medical Response of

10    Maricopa, LLC, Mayo Clinic Arizona, Abrazo West Campus, Abrazo

11    Community Health Network, Abrazo Scottsdale Camps, Abrazo Medical

12    Group, Abrazo Arrowhead, Yuma Regional Medical Center, OrthoArizona,

13    DignityHealth, Orthopedic Clinic, HonorHealth, Sonoran Orthopedic,

14    Central Phoenix Medical Clinic, LLC, Jefferson Medical Group, Banner

15    Health, and Encompass Health (collectively, "Health Care Provider

16    Defendants") were providers of health care related services.

17    29.    Venue and jurisdiction are proper in this court. Defendants caused the acts

18    giving rise to this declaratory relief action to occur in Maricopa County,

19    Arizona. Plaintiffs are residents of Arizona.

20    **Class Action Certification**

21    30.    Plaintiffs Mick Levin, PLC, and Bache & Lynche, PLLC bring this action

22    under Rule 23 of the Arizona Rules of Civil Procedure. Plaintiffs Mick

1   Levin, PLC and Bache & Lynche, PLLC bring this action on their own

2   behalf and on behalf of Sub Class 1, pursuant to Rule 23(a) and 23(b)(2)

3   of Ariz. R. Civ. P. Sub Class 1 consists of:

4       a.   Similarly situated law firms where individuals request medical

5          providers send their records to;

6       b.   Where the personal injury law firms who are being issued invoices

7          and billed for medical records requests not made by them.

8   31.   Plaintiffs John Novac and Marcos Morales bring this action under Rule 23

9   of the Arizona Rules of Civil Procedure. Plaintiffs John Novac and Marcos

10   Morales bring this action on their own behalf and on behalf of Sub Class 2,

11   pursuant to Rule 23(a) and 23(b)(2) of Ariz. R. Civ. P. Sub Class 2 consists

12   of:

13       a.   Similarly situated individuals who request their own medical records

14          from health care providers

15       b.   Whose health care providers have refused to provide them part or all

16          of their records after having received a request from those who

17          qualify under Sub Class 1 for such records.

18   32.   The requirements of Ariz. R. Civ. P. 23(a) and 23(b)(2), are met, as set

19   forth below.

20   33.   Arizona Courts view federal cases construing Rule 23 as authoritative.

21   Under federal law, more than forty class members satisfies the numerosity

22   requirement. With regard to the standard of proof necessary to satisfy

1    class numerosity requirements, "[it] is not necessary that the members of

2    the class be so clearly identified that any member can be presently

3    ascertained. [cite omitted] The court may draw a reasonable inference of

4    the size of the class from the facts before it." *Sherman v. Griepentrop*, 775

5    F.Supp. 1283, 1389 (D. Nev. 1991).

6  34.   Pre-filing research conclusively establishes that the numerosity

7    requirement is easily satisfied with regard to Sub Class 1 and Sub Class 2.

8    It is common practice for patients who are personal injury claimants

9    ("patients/claimants") to request their medical records be sent to a law

10    firms that represent the patients/claimants. Although the law firms are not

11    the requesting parties, it is common practice for medical providers, such as

12    the Health Care Provider Defendants and/or their agents, to send an

13    invoice to the law firms, rather than the patients/claimants who request the

14    medical records be sent to the law firms. On occasion, a patient/claimant

15    may request a medical provider such as the Health Care Provider

16    Defendants provide the patient/claimant with their own medical records

17    after requesting a medical provider, such as the Health Care Provider

18    Defendants, provide their records to a law firm and for such medical

19    providers, such as Health Care Provider Defendants, to refuse to provide

20    patients/claimants with their full medical records upon request.

21  35.   The commonality requirement "requires simply that there exist a question

22    of law or fact common to the class." *Lennon v. First National Bank of*

1   *Arizona*, 21 Ariz. App. 306, 309 (1974). "The existence of share legal

2   issues with divergent factual predicates is sufficient, as is a common core

3   of salient facts coupled with disparate legal remedies within the class."

4   *Parra v. Bashas' Inc.,* 536 F.3d 975, 978 (9th Cir. 2008).

5   36.   Class members of Sub Class 1 are Arizona resident personal injury law

6   firms. Defendants are medical providers and their agents sending medical

7   records to law firms in Arizona. All events at issue occurred in Arizona.

8   One statute of limitation applies on each cause of action. Only Arizona

9   affirmative defenses apply. The only legal issue is whether Health Care

10   Provider Defendants, through their agents, have a contract with Sub Class

11   1 members. Likewise, the factual issues are virtually identical.

12   37.   Class members of Sub Class 2 are Arizona residents and Defendants are

13   medical providers and their agents operating in Arizona. One state statute

14   of limitation applies on each cause of action. Only Arizona affirmative

15   defenses apply. The only legal issue is whether Health Care Provider

16   Defendants are required to provide full medical records to patients upon

17   request. The facts as set forth in the proposed class definition provide for

18   little factual variance.

19   38.   As with the numerosity requirement, Arizona courts follow the Federal

20   requirements for typicality: "[U]nder the rule's permissive standards,

21   representative claims are 'typical' if they are reasonably coextensive with

22   those of absent class members; they need not be substantially identical."

1    *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Staton v.*

2    *Boeing*, 327 F.3d 938, 957 (9th Cir. 2003).

3  39.   With respect to Sub Class 1, class representatives are in a factual and

4        legal posture identical to the class members. All are Arizona personal

5        injury law firms. All have not requested medical records sent to them,

6        rather, patients/claimants have requested medical records sent to the

7        Arizona personal injury law firms. In each instance, the Health Care

8        Provider Defendants and/or their agents have billed the personal injury law

9        firm for records requested by a patient of Health Care Provider

10       Defendants.

11  40.  With respect to Sub Class 2, class representatives are in a factual and

12       legal posture identical to the class members. All are Arizona residents. All

13       have requested their own medical records from providers after having

14       requested their medical records be sent to a law firm. In each case, the

15       medical provider has refused to provide the Arizona resident their

16       complete records.

17  41.  The adequacy element consists of both the adequacy of named plaintiff's

18       counsel, and the adequacy of representation provided in protecting the

19       different, separate, and distinct interest of the class members. In the

20       present case, Plaintiff's counsel is capable of adequately representing both

21       Sub Class 1 and Sub Class 2. Furthermore, Plaintiff's interests are not

22       antagonistic to the rest of the class.

42. Sub Class 1 and Sub Class 2 seeks certification pursuant to Ariz. R. Civ. P. 23(b)(2).

43. Rule 23(b)(2) certification is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Ariz. R. Civ. P. 23(b)(2).

44. Arizona has no relevant published case law on this point. Federal law states: "[I]n order to permit certification under this rule, the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003). A Rule 23(b)(2) claim is not limited solely to declaratory and injunctive relief, but such relief must predominate. *Id.*

45. Defendants have acted on grounds that apply generally to the class. Health Care Provider Defendants have invoiced/charged members of Sub Class 1 themselves or through their agents for records members of Sub Class 1 did not request. Health Care Provider Defendants have refused to give members of Sub Class 2 their complete medical records as members of Sub Class 2 are entitled under law.

46. Sub Class 1 and Sub Class 2 meet the criterion for Rule 23(b)(2) certification in that members of Sub Class 1 and Sub Class 2 only seek declaratory relief.

## COUNT I – Declaratory Judgment
### (Sub Class 1)

47. Plaintiffs reiterate the foregoing as if fully reproduced herein.

48. Defendant American Medical Response of Maricopa, LLC's patient, Mable Woo, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

49. Upon information and belief, Defendant Medicopy is Defendant American Medical Response of Maricopa, LLC's agent.

50. Upon information and belief, Defendant American Medical Response of Maricopa, LLC contracted with Defendant Medicopy to manage medical record requests. Defendant Medicopy sent the records and issued Plaintiff Mick Levin, PLC., an invoice for the records requested by Defendant American Medical Response of Maricopa, LLC's patient.

51. Defendant Jefferson Medical Group's patient, Shamika Cohen, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

52. Upon information and belief, Defendant Ciox Health, LLC is Defendant Jefferson Medical Group's agent.

53. Upon information and belief, Defendant Jefferson Medical Group contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC., an invoice for the records requested by Defendant Jefferson medical Group's patient.

54. Defendant Mayo Clinic Arizona's patient, Linda Benmour, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

55. Upon information and belief, Defendant Ciox Health, LLC d/b/a IOD Incorporated is Defendant Mayo Clinic Arizona's agent.

56. Upon information and belief, Defendant Mayo Clinic Arizona contracted with Defendant Ciox Health, LLC d/b/a IOD Incorporated to manage medical record requests. Defendant Ciox Health, LLC d/b/a IOD Incorporated sent the records and issued Plaintiff Mick Levin, PLC, an invoice for the records requested by Defendant Mayo Clinic Arizona's patient.

57. Defendant Abrazo West Campus' patient, Kristin Hart, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

58. Upon information and belief, Defendant Ciox Health, LLC is Defendant Abrazo West Campus' agent.

59. Upon information and belief, Defendant Abrazo West Campus contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC, an invoice for the records requested by Abrazo West Campus' patient.

60. Defendant Abrazo Community Health Network's patient, Emmett Pipkins, requested medical records from his treatment be sent to Plaintiff Mick Levin, PLC.

61. Upon information and belief, Defendant Ciox Health, LLC is Defendant Abrazo Community Health Network's agent.

62. Upon information and belief, Defendant Abrazo Community Health Network contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC, an invoice for the records requested by Defendant Abrazo Community Health Network's patient.

63. Defendant Yuma Regional Medical Center's patient, Jose Ortiz, requested medical records from his treatment be sent to Plaintiff Mick Levin, PLC.

64. Upon information and belief, Defendant Ciox Health, LLC is Defendant Yuma Regional Medical Center's agent.

65. Upon information and belief, Defendant Yuma Regional Medical Center contracted with Defendant Ciox Health, LLC. to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC an invoice for the records requested by Defendant Yuma Regional Medical Center's patient.

66. Defendant Encompass Health's patient, Kristin Hart, requested records of her medical treatment be sent to Plaintiff Mick Levin, PLC.

67. Upon information and belief, Defendant Ciox Health, LLC is Defendant Encompass Health's agent.

68. Upon information and belief, Defendant Encompass Health contracted with Defendant Ciox Health, LLC to manage medical record requests.

1    Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick

2    Levin, PLC an invoice for the records Plaintiff's client requested from

3    Defendant Encompass.

4  69.  Defendant OrthoArizona's patients, Janice Parker and Jennifer Darchuk,

5    requested records of their medical treatment be sent to Plaintiff Mick Levin,

6    PLC.

7  70.  Upon information and belief, Defendant RRS Medical is Defendant

8    OrthoArizona's agent.

9  71.  Upon information and belief, Defendant OrthoArizona contracted with

10    Defendant RRS Medical to manage medical record requests. Defendant

11    RRS Medical sent the records and issued Plaintiff Mick Levin, PLC

12    invoices for records requested Defendant OrthoArizona's patients.

13  72.  Defendant Dignity Health's patients, Lorenza Alonzo and Aguero Molina,

14    requested records of their medical treatment be sent to Plaintiff Mick Levin,

15    PLC.

16  73.  Upon information and belief, Defendant ScanStat Technologies, LLC is

17    Defendant Dignity Health's agent.

18  74.  Upon information and belief, Defendant Dignity Health contracted with

19    Defendant ScanScat Technologies, LLC to manage medical record

20    requests. Defendant ScanStat Technologies, LLC sent the records and

21    issued Plaintiff Mick Levin, PLC invoices for the records requested by

22    Defendant Dignity Health's patients.

75. Defendant Orthopedic Clinic's patient, Daniel Parent, requested records of his medical treatment be sent to Plaintiff Mick Levin, PLC.

76. Upon information and belief, Defendant ScanStat Technologies, LLC Is Defendant Orthopedic Clinic's agent.

77. Upon information and belief, Defendant Orthopedic Clinic contracted with Defendant ScanStat Technologies, LLC to manage medical record requests. Defendant ScanStat Technologies, LLC sent the records and issued Plaintiff Mick Levin, PLC invoices for records requested by Defendant Orthopedic Clinic's patients.

78. Defendant Central Phoenix Medical Clinic, LLC's patient, Mable Woo, requested her medical records be sent to Plaintiff Mick Levin, PLC.

79. Upon information and belief, Defendant Sharecare is Defendant Central Phoenix Medical Clinic, LLC's agent.

80. Upon information and belief, Defendant Central Phoenix Medical Clinic, LLC contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC an invoice for the records requested by Defendant Central Phoenix Medical Clinic, LLC's patient.

81. Defendant HonorHealth's patients, Jennifer Darchuk, Celeste Mohar, Peter Bruno, Linda Benmour, Tyler Corless-Bishop, Eileen Muro, Paula Jackson, and Emmett Pipkins, requested records of their medical treatment be sent to Plaintiff Mick Levin, PLC.

82. Upon information and belief, Defendant Sharecare is Defendant HonorHealth's agent.

83. Upon information and belief, Defendant HonorHealth contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC invoices for the records requested by Plaintiff's clients from Defendant HonorHealth.

84. Defendant Sonoran Orthopedic's patient, Kristin Hart, requested records of her medical treatment be sent to Plaintiff Mick Levin, PLC.

85. Upon information and belief, Defendant Sharecare is Defendant Sonoran Orthopedic's agent.

86. Upon information and belief, Defendant Sonoran Orthopedic contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC invoices for records requested by Defendant Sonoran Orthopedic's patient.

87. Defendant Abrazo Scottsdale Campus' patient, Emmett Pipkins, requested records of his medical treatment be sent to Plaintiff Mick Levin, PLC.

88. Upon information and belief, Sharecare is Defendant Abrazo Scottsdale Campus' agent.

89. Upon information and belief, Defendant Abrazo Scottsdale Campus contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC

1    an invoice for the record request made by Defendant Abrazo Scottsdale

2    Campus' patient.

3  90.  Defendant Abrazo Medical Group's patient, Anahi Rodriguez, requested

4    their medical records be sent to Plaintiff Mick Levin, PLC.

5  91.  Upon information and belief, Defendant Sharecare is Defendant Abrazo

6    Medical Group's agent.

7  92.  Upon information and belief, Defendant Abrazo Medical Group contracted

8    with Defendant Sharecare to manage medical record requests. Defendant

9    Sharecare sent the records and issued Plaintiff Mick Levin, PLC an invoice

10   for the record request made by Plaintiff Mick Levin, PLC's client.

11 93.  Defendant Abrazo Arrowhead's patient, Emmett Pipkins, requested

12   records of his medical treatment be sent to Plaintiff Mick Levin, PLC.

13 94.  Upon information and belief, Defendant Sharecare is Defendant Abrazo

14   Arrowhead's agent.

15 95.  Upon information and belief, Defendant Abrazo Arrowhead contracted with

16   Defendant Sharecare to manage medical record requests. Defendant

17   Sharecare sent the records and issued Plaintiff Mick Levin, PLC an invoice

18   for records requested by Defendant Abrazo Arrowhead's patient.

19 96.  Defendant Tucson Medical Center's patient, Jennifer Lopez, requested

20   records of her medical treatment be sent to Plaintiff Bache & Lynche,

21   PLLC.

22

97.  Upon information and belief, Defendant Tucson Medical Center contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff an invoice for the request made by Defendant Tucson Medical Center's patient.

98.  In each instance, Health Care Provider Defendants are charging Plaintiff Mick Levin, PLC, Plaintiff Bache & Lynche, PLLC and other members of Sub Class 1 for medical records not requested by Plaintiff Mick Levin, PLC, and Bache & Lynche, PLLC. In each instance, ***patients*** of Health Care Provider Defendants are requesting their medical records to be sent to a third party/law firm (members of Sub Class 1). Heath Care Provider Defendants then sent the medical records and a bill for the medical records to the third party/law firms/members of Sub Class 1. The members of Sub Class 1 did not enter into any agreement or make any requests of Health Care Provider Defendants.

99.  Plaintiffs respectfully move this Court to hold there is no contract between Health Care Provider Defendants and members of Sub Class 1 when patients of clients of Sub Class 1/patients of Health Care Provider Defendants request their medical records to be sent to members of Sub Class 1.

## COUNT II – Declaratory Judgment
### (Sub Class 2)

100.  Plaintiffs reiterate the foregoing as if fully reproduced herein.

101. On February 15, 2020, Plaintiff Marcos Morales ("Marcos") sent a request to Defendant HonorHealth for records of his medical treatment at Defendant HonorHealth's John C Lincoln North Mountain Hospital facility be sent to Plaintiff Mick Levin, PLC.

102. On March 2, 2020, Defendant Sharecare issued Plaintiff Mick Levin, PLC an invoice indicating Marcos's medical records consisted of 665 pages.

103. On or about March 23, 2020, Marcos went to Defendant HonorHealth's John C Lincoln North Mountain Hospital Facility and requested his full medical records.

104. Defendant HonorHealth provided to Marcos only 49 pages of medical records.

105. On April 22, 2020, Plaintiff John Novac ("John") went to Defendant Banner Health's Del E Webb location to collect his son's medical records.

106. Employees and/or agents of Defendant Banner Health provided John with incomplete medical records.

107. On May 12, 2020, John returned to Defendant Banner Health's Del E Webb location. John once again requested his son's full medical records. John was told by employees and/or agents of Defendant Banner Health John already received all of the records John was entitled to. If John would like the complete medical records, according to Defendant Banner Health employees and/or agents, John's attorney must request the records to receive a complete copy of them.

108. Under A.R.S. 12-2293, Defendants HonorHealth and Banner Health must "on the written request of a patient . . . for access to or copies of the patient's medical records and payment records, the health care provider in possession of the record shall provide access to or copies of the records to the patient. . .".

109. Upon information and belief, Defendants HonorHealth and Banner Health refused to provide Marcos, John, and other members of Sub Class 2 their complete medical records upon valid request pursuant to A.R.S. 12-2293 due to the involvement of an attorney's office.

110. Plaintiffs respectfully move this Court to require Defendants HonorHealth and Banner Health to provide Marcos, John, and other members of Sub Class 2 their complete medical records upon valid request pursuant to A.R.S. 12-2293 regardless of any other request.

WHEREFORE, Plaintiffs on behalf of themselves, Sub Class 1 and Sub Class 2, pray for judgment against Defendants as follows:

A.     Certify this case as a class action, pursuant to Rule 23(a) and 23(b)(2).

B.     Declare that there is no contract between Health Care Provider Defendants and members of Sub Class 1.

C.     Require that Defendants HonorHealth and Banner Health provide their medical records to members of Sub Class 2.

1         D.    Award costs and attorneys fees pursuant to A.R.S. 12-341

2    and A.R.S. 12-341.01.

3         E.    Provide such other relief as this Court deems just and proper.

4

5        DATED this 11th day of August, 2021

6              MICK LEVIN, P.L.C.

7              /s/ Mick Levin
               Mick Levin
8              *Attorneys for Plaintiffs*

9

10

11

12

13

14

15

16

17

18

19

20

21

22





MICK LEVIN PLC
3401 N 32ND STREET
PHOENIX, AZ 85018

Ciox Health, LLC
c/o Statutory Agent
Corporation Service Company
8825 N. 23rd Ave., Ste. 100
Phoenix, AZ 85021

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/11/2021 2:38:48 PM
Filing ID 13237954

1  **MICK LEVIN, ESQ.,** (SBN 021891)
   micklevin@mlplc.com
2  **MICK LEVIN, P.L.C.**
   3401 N. 32nd Street
3  Phoenix, AZ 85018
   Ph: 480-865-3051 / 866-707-7222
4  Fax: 800-385-1684

5  *Attorneys for Plaintiffs*

6

   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
7
   **IN AND FOR THE COUNTY OF MARICOPA**
8

9  | Mick Levin, PLC., an Arizona Professional | Case No. _____ CV2021-012712
10 | Limited Liability Company; Bache & Lynch, |
   | PLLC, an Arizona Professional Limited |    **DEMAND FOR JURY TRIAL**
11 | Liability Company; Marcos Morales, an |
   | adult individual; John Novac, an adult |
12 | individual; |
   |         Plaintiffs, |

13 | v. |

14 | Medicopy Services, Inc., d/b/a Medicopy, a |
   | Foreign For-Profit (Business) Corporation; |
15 | American Medical Response of Maricopa, |
   | LLC, a Foreign Limited Liability Company; |
16 | Mayo Clinic Arizona, an Arizona Nonprofit |
   | Corporation; Ciox Health, LLC d/b/a IOD |
17 | Incorporated, a Foreign Limited Liability |
   | Company; Ciox Health, LLC, a Foreign |
18 | Limited Liability Company; Hospital |
   | Development of West Phoenix, Inc. d/b/a |
19 | Abrazo West Campus a Foreign For-Profit |
   | (Business) Corporation; Yuma Regional |
20 | Medical Center, an Arizona Nonprofit |
   | Corporation; Orthopedic Specialists of |
21 | North America, PLLC d/b/a OrthoArizona, |
   | an Arizona Professional Limited Liability |
22

1 | Company; Record Reproduction Services, LLC, a Foreign Limited Liability Company;
2 | Record Reproduction Services, LLC d/b/a RRS Medical, LLC, a Foreign Limited
3 | Liability Company; ScanStat Technologies, LLC, a Foreign Limited Liability Company;
4 | Banner Medical Group d/b/a The Orthopedic Clinic Association, an Arizona
5 | Nonprofit Corporation; Sharecare Health Data Services, LLC, a Foreign Limited
6 | Liability Company; HonorHealth, an Arizona Nonprofit Corporation; Sonoran
7 | Orthopaedic Trauma Surgeons, PLLC, an Arizona Professional Limited Liability
8 | Company; Tucson Medical Center, an Arizona Nonprofit Corporaton; VHS
9 | Acquisition Subsidiary Number 1, Inc. d/b/a Abrazo Scottsdale Campus, an Arizona
10 | For-Profit Health Care Corporation; HealthSouth Valley of the Sun
11 | Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun, a
12 | Foreign Limited Liability Company; VHS Outpatient Clinics, Inc., d/b/a Abrazo
13 | Medical Group, a Foreign For-Profit Health Care Corporation; VHS of Arrowhead, Inc.
14 | d/b/a Abrazo Arrowhead, a Foreign For-Profit Health Care Corporation; Central
15 | Phoenix Medical Clinic, LLC, an Arizona Limited Liability Company; Banner Health
16 | d/b/a Banner Del E Webb Medical Center, an Arizona Nonprofit Corporation; Thomas
17 | Jefferson University Hospitals, Inc., a Foreign Non-Profit Health Care
18 | Corporation;
      Defendants.
19

20

21 THIS SPACE IS LEFT INTENTIONALLY BLANK

22

Plaintiffs, pursuant to the Arizona Rules of Civil Procedure, hereby requests that this matter be tried to a jury.

DATED this 11th day of August, 2021

MICK LEVIN, P.L.C.

/s/ Mick Levin
Mick Levin
*Attorneys for Plaintiffs*

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
8/26/2021 11:41:15 AM
Filing ID 13299415

1

**MICK LEVIN, ESQ.,** (SBN 021891)
micklevin@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N. 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684

*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Mick Levin, PLC., an Arizona Professional Limited Liability Company; Bache & Lynch, PLLC, an Arizona Professional Limited Liability Company; Marcos Morales, an adult individual; John Novac, an adult individual; | Case No. __CV2021-012712__ **MOTION TO ALTER CAPTION and AMEND COMPLAINT** |

        Plaintiffs,

v.

Medicopy Services, Inc., d/b/a Medicopy, a Foreign For-Profit (Business) Corporation; American Medical Response of Maricopa, LLC, a Foreign Limited Liability Company; Mayo Clinic Arizona, an Arizona Nonprofit Corporation; Ciox Health, LLC d/b/a IOD Incorporated, a Foreign Limited Liability Company; Ciox Health, LLC, a Foreign Limited Liability Company; Hospital Development of West Phoenix, Inc. d/b/a Abrazo West Campus a Foreign For-Profit (Business) Corporation; Yuma Regional Medical Center, an Arizona Nonprofit Corporation; Orthopedic Specialists of North America, PLLC d/b/a OrthoArizona, an Arizona Professional Limited Liability Company; Record Reproduction Services, LLC, a Foreign Limited Liability Company;

Record Reproduction Services, LLC d/b/a RRS Medical, LLC, a Foreign Limited Liability Company; ScanStat Technologies, LLC, a Foreign Limited Liability Company; Banner Medical Group d/b/a The Orthopedic Clinic Association, an Arizona Nonprofit Corporation; Sharecare Health Data Services, LLC, a Foreign Limited Liability Company; HonorHealth, an Arizona Nonprofit Corporation; Sonoran Orthopaedic Trauma Surgeons, PLLC, an Arizona Professional Limited Liability Company; Tucson Medical Center, an Arizona Nonprofit Corporaton; VHS Acquisition Subsidiary Number 1, Inc. d/b/a Abrazo Scottsdale Campus, an Arizona For-Profit Health Care Corporation; HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun, a Foreign Limited Liability Company; VHS Outpatient Clinics, Inc., d/b/a Abrazo Medical Group, a Foreign For-Profit Health Care Corporation; VHS of Arrowhead, Inc. d/b/a Abrazo Arrowhead, a Foreign For-Profit Health Care Corporation; Central Phoenix Medical Clinic, LLC, an Arizona Limited Liability Company; Banner Health d/b/a Banner Del E Webb Medical Center, an Arizona Nonprofit Corporation; Thomas Jefferson University Hospitals, Inc., a Foreign Non-Profit Health Care Corporation;

Defendants.

Plaintiff, by and through counsel undersigned, hereby Moves the Court to alter the Caption in this action for the following reasons:

Allegations against Vanguard Health Management, Inc. d/b/a Abrazo Community Health Network ("Abrazo Community Health Network") are outlined in paragraphs 12, 28, 60, 61, and 62 of Plaintiffs' complaint.

Allegations against Defendant Dignity Health are outlined in paragraphs 18, 22, 72, 73 and 74 of Plaintiffs' complaint.

These Defendants were inadvertently omitted from the caption of the Complaint.

Therefore, Plaintiff hereby moves the Court to permit filing of the attached Amended Complaint, with changes made to the Caption only, and that the Caption be amended to reflect the addition of Defendants as noted above.

A proposed Order is attached hereto for the court's convenience.

Dated this  26th  day of  August , 2021

MICK LEVIN, PLC

/s/ Mick Levin
Mick Levin
Attorneys for Plaintiffs

3

1  **MICK LEVIN, ESQ.,** (SBN 021891)
   micklevin@mlplc.com
2  **MICK LEVIN, P.L.C.**
   3401 N. 32nd Street
3  Phoenix, AZ 85018
   Ph: 480-865-3051 / 866-707-7222
4  Fax: 800-385-1684

5  *Attorneys for Plaintiffs*

6          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7             **IN AND FOR THE COUNTY OF MARICOPA**

8

9   Mick Levin, PLC., an Arizona Professional          Case No. __CV2021-012712__
    Limited Liability Company; Bache & Lynch,
    PLLC, an Arizona Professional Liability           **AMENDED COMPLAINT**
10  Company; Marcos Morales, an adult individual;     **(As to Caption Only)**
    John Novac, an adult individual;
11          Plaintiffs,
                                                       (Declaratory Judgment)
12  v.

13  Medicopy Services, Inc., d/b/a Medicopy, a
    Foreign For-Profit (Business) Corporation;
14  American Medical Response of Maricopa, LLC,
    a Foreign Limited Liability Company; Mayo
15  Clinic Arizona, an Arizona Nonprofit
    Corporation; Ciox Health, LLC d/b/a IOD
16  Incorporated, a Foreign Limited Liability
    Company; Ciox Health, LLC, a Foreign Limited
17  Liability Company; Hospital Development of
    West Phoenix, Inc. d/b/a Abrazo West Campus
18  a Foreign For-Profit (Business) Corporation;
    Yuma Regional Medical Center, an Arizona
    Nonprofit Corporation; Orthopedic Specialists of
19  North America, PLLC d/b/a OrthoArizona, an
    Arizona Professional Limited Liability Company;
20  Record Reproduction Services, LLC, a Foreign
    Limited Liability Company; Record
21  Reproduction Services, LLC d/b/a RRS
    Medical, LLC, a Foreign Limited Liability
    Company; ScanStat Technologies, LLC, a
22  Foreign Limited Liability Company; Banner

Medical Group d/b/a The Orthopedic Clinic Association, an Arizona Nonprofit Corporation; Sharecare Health Data Services, LLC, a Foreign Limited Liability Company; HonorHealth, an Arizona Nonprofit Corporation; Sonoran Orthopaedic Trauma Surgeons, PLLC, an Arizona Professional Limited Liability Company; Tucson Medical Center, an Arizona Nonprofit Corporaton; VHS Acquisition Subsidiary Number 1, Inc. d/b/a Abrazo Scottsdale Campus, an Arizona For-Profit Health Care Corporation; HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun, a Foreign Limited Liability Company; VHS Outpatient Clinics, Inc., d/b/a Abrazo Medical Group, a Foreign For-Profit Health Care Corporation; VHS of Arrowhead, Inc. d/b/a Abrazo Arrowhead, a Foreign For-Profit Health Care Corporation; Central Phoenix Medical Clinic, LLC, an Arizona Limited Liability Company; Banner Health d/b/a Banner Del E Webb Medical Center, an Arizona Nonprofit Corporation; Thomas Jefferson University Hospitals, Inc., a Foreign Non-Profit Health Care Corporation; **Vanguard Health Management, Inc. d/b/a Abrazo Community Health Network; Dignity Health**

Defendants.

For their complaint against Defendants, Plaintiffs plead as follows:

**<u>Jurisdictional Allegations</u>**

1.    At all times material hereto, Plaintiff Mick Levin, PLC was an Arizona Professional Limited Liability Company with a principal place of business in Maricopa County, Arizona.

2.    At all times material hereto, Plaintiff Bache & Lynch, PLLC was an Arizona Professional Limited Liability Company with a principal place of business in Pima County, Arizona.

3.   At all times material hereto, Plaintiff Marcos Morales, was a resident of Maricopa County, Arizona.

4.   At all times material hereto, Plaintiff John Novac, was a resident of Maricopa County, Arizona.

5.   At all times material hereto, Defendant Medicopy Services, Inc. d/b/a Medicopy ("Medicopy"), was a Tennessee For-Profit Document Management Services Corporation.

6.   At all times material hereto, Defendant American Medical Response of Maricopa, LLC., was a Delaware Limited Liability Company doing business in Maricopa County, Arizona.

7.   At all times material hereto, Defendant Central Phoenix Medical Clinic, LLC, was an Arizona Limited Liability Company.

8.   At all times material hereto, Defendant Ciox Health, LLC d/b/a IOD Incorporated was a Georgia Limited Liability Company.

9.   At all times material hereto, Defendant Mayo Clinic Arizona was an Arizona Domestic Nonprofit Corporation.

10.   At all times material hereto, Defendant Ciox Health, LLC. was a Georgia Limited Liability Company.

11.   At all times material hereto, Defendant Hospital Development of West Phoenix, Inc., d/b/a Abrazo West Campus ("Abrazo West Campus") was a Delaware For-Profit Health Care Corporation doing business in Maricopa County, Arizona.

12.   At all times material hereto, Defendant Vanguard Health Management, Inc. d/b/a Abrazo Community Health Network ("Abrazo Community Health Network") was a

Delaware For-Profit Health Care Corporation doing business in Maricopa County, Arizona.

13.   At all times material hereto, Defendant Yuma Regional Medical Center was an Arizona Nonprofit Corporation.

14.   At all times material hereto, Defendant Orthopedic Specialists of North America d/b/a OrthoArizona ("OrthoArizona") was an Arizona Professional Limited Liability Company.

15.   At all times material hereto, Defendant Record Reproduction Services, LLC was a Delaware Limited Liability Company.

16.   At all times material hereto, Defendant Record Reproduction Services, LLC d/b/a RS Medical, LLC ("RRS Medical") was a Delaware Limited Liability Company.

17.   At all times material hereto, Defendant ScanStat Technologies, LLC was a Delaware Limited Liability Company.

18.   At all times material hereto, Defendant Dignity Health was a California Nonprofit Corporation doing business in Maricopa County, Arizona.

19.   At all times material hereto, Defendant Banner Medical Group d/b/a The Orthopedic Clinic Association ("Orthopedic Clinic") was an Arizona Nonprofit Corporation.

20.   At all times material hereto, Defendant Sharecare Health Data Services ("Sharecare") was a Delaware Limited Liability Company.

21.   At all times material hereto, Defendant HonorHealth was an Arizona Domestic Nonprofit Corporation.

22.   At all times material hereto, Defendant Sonoran Orthopaedic Trauma Surgeons, PLLC ("Sonoran Orthopedic") was an Arizona Professional Limited Liability Company.

23.   At all times material hereto, Defendant VHS Acquisition Subsidiary Number 1, Inc. d/b/a Abrazo Scottsdale Campus ("Abrazo Scottsdale Campus") was an Arizona For-Profit Health Care corporation.

24.   At all times material hereto, Defendant HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun ("Encompass Health") was a Delaware Limited Liability Company doing business in Maricopa County, Arizona.

25.   At all times material hereto, Defendant VHS Outpatient Clinics, Inc., d/b/a Abrazo Medical Group ("Abrazo Medical Group") was a Delaware For-Profit Health Care corporation doing business in Maricopa County, Arizona.

26.   At all times material hereto, Defendant VHS of Arrowhead, Inc., d/b/a Abrazo Arrowhead ("Abrazo Arrowhead") was a Delaware For-Profit Health Care corporation doing business in Maricopa County, Arizona.

27.   At all times material hereto, Defendant Thomas Jefferson University Hospital, Inc. ("Jefferson Medical Group") was a Pennsylvania corporation doing business in Pennsylvania.

28.   At all times material hereto, Defendants American Medical Response of Maricopa, LLC, Mayo Clinic Arizona, Abrazo West Campus, Abrazo Community Health Network, Abrazo Scottsdale Camps, Abrazo Medical Group, Abrazo Arrowhead, Yuma Regional Medical Center, OrthoArizona, DignityHealth,

Orthopedic Clinic, HonorHealth, Sonoran Orthopedic, Central Phoenix Medical Clinic, LLC, Jefferson Medical Group, Banner Health, and Encompass Health (collectively, "Health Care Provider Defendants") were providers of health care related services.

29.  Venue and jurisdiction are proper in this court. Defendants caused the acts giving rise to this declaratory relief action to occur in Maricopa County, Arizona. Plaintiffs are residents of Arizona.

## Class Action Certification

30.  Plaintiffs Mick Levin, PLC, and Bache & Lynche, PLLC bring this action under Rule 23 of the Arizona Rules of Civil Procedure. Plaintiffs Mick Levin, PLC and Bache & Lynche, PLLC bring this action on their own behalf and on behalf of Sub Class 1, pursuant to Rule 23(a) and 23(b)(2) of Ariz. R. Civ. P. Sub Class 1 consists of:

a.  Similarly situated law firms where individuals request medical providers send their records to;

b.  Where the personal injury law firms who are being issued invoices and billed for medical records requests not made by them.

31.  Plaintiffs John Novac and Marcos Morales bring this action under Rule 23 of the Arizona Rules of Civil Procedure. Plaintiffs John Novac and Marcos Morales bring this action on their own behalf and on behalf of Sub Class 2, pursuant to Rule 23(a) and 23(b)(2) of Ariz. R. Civ. P. Sub Class 2 consists of:

a.  Similarly situated individuals who request their own medical records from health care providers

b.      Whose health care providers have refused to provide them part or all of their records after having received a request from those who qualify under Sub Class 1 for such records.

32.   The requirements of Ariz. R. Civ. P. 23(a) and 23(b)(2), are met, as set forth below.

33.   Arizona Courts view federal cases construing Rule 23 as authoritative. Under federal law, more than forty class members satisfies the numerosity requirement. With regard to the standard of proof necessary to satisfy class numerosity requirements, "[it] is not necessary that the members of the class be so clearly identified that any member can be presently ascertained. [cite omitted] The court may draw a reasonable inference of the size of the class from the facts before it." *Sherman v. Griepentrop*, 775 F.Supp. 1283, 1389 (D. Nev. 1991).

34.   Pre-filing research conclusively establishes that the numerosity requirement is easily satisfied with regard to Sub Class 1 and Sub Class 2. It is common practice for patients who are personal injury claimants ("patients/claimants") to request their medical records be sent to a law firms that represent the patients/claimants. Although the law firms are not the requesting parties, it is common practice for medical providers, such as the Health Care Provider Defendants and/or their agents, to send an invoice to the law firms, rather than the patients/claimants who request the medical records be sent to the law firms. On occasion, a patient/claimant may request a medical provider such as the Health Care Provider Defendants provide the patient/claimant with their own medical records after requesting a medical provider, such as the Health Care

Provider Defendants, provide their records to a law firm and for such medical providers, such as Health Care Provider Defendants, to refuse to provide patients/claimants with their full medical records upon request.

35. The commonality requirement "requires simply that there exist a question of law or fact common to the class." *Lennon v. First National Bank of Arizona*, 21 Ariz. App. 306, 309 (1974). "The existence of share legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Parra v. Bashas' Inc.,* 536 F.3d 975, 978 (9th Cir. 2008).

36. Class members of Sub Class 1 are Arizona resident personal injury law firms. Defendants are medical providers and their agents sending medical records to law firms in Arizona. All events at issue occurred in Arizona. One statute of limitation applies on each cause of action. Only Arizona affirmative defenses apply. The only legal issue is whether Health Care Provider Defendants, through their agents, have a contract with Sub Class 1 members. Likewise, the factual issues are virtually identical.

37. Class members of Sub Class 2 are Arizona residents and Defendants are medical providers and their agents operating in Arizona. One state statute of limitation applies on each cause of action. Only Arizona affirmative defenses apply. The only legal issue is whether Health Care Provider Defendants are required to provide full medical records to patients upon request. The facts as set forth in the proposed class definition provide for little factual variance.

38.  As with the numerosity requirement, Arizona courts follow the Federal requirements for typicality: "[U]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998); *Staton v. Boeing*, 327 F.3d 938, 957 (9th Cir. 2003).

39.  With respect to Sub Class 1, class representatives are in a factual and legal posture identical to the class members. All are Arizona personal injury law firms. All have not requested medical records sent to them, rather, patients/claimants have requested medical records sent to the Arizona personal injury law firms. In each instance, the Health Care Provider Defendants and/or their agents have billed the personal injury law firm for records requested by a patient of Health Care Provider Defendants.

40.  With respect to Sub Class 2, class representatives are in a factual and legal posture identical to the class members. All are Arizona residents. All have requested their own medical records from providers after having requested their medical records be sent to a law firm. In each case, the medical provider has refused to provide the Arizona resident their complete records.

41.  The adequacy element consists of both the adequacy of named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest of the class members. In the present case, Plaintiff's counsel is capable of adequately representing both Sub Class 1 and

Sub Class 2. Furthermore, Plaintiff's interests are not antagonistic to the rest of the class.

42.   Sub Class 1 and Sub Class 2 seeks certification pursuant to Ariz. R. Civ. P. 23(b)(2).

43.   Rule 23(b)(2) certification is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Ariz. R. Civ. P. 23(b)(2).

44.   Arizona has no relevant published case law on this point. Federal law states: "[I]n order to permit certification under this rule, the claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003). A Rule 23(b)(2) claim is not limited solely to declaratory and injunctive relief, but such relief must predominate. *Id.*

45.   Defendants have acted on grounds that apply generally to the class. Health Care Provider Defendants have invoiced/charged members of Sub Class 1 themselves or through their agents for records members of Sub Class 1 did not request. Health Care Provider Defendants have refused to give members of Sub Class 2 their complete medical records as members of Sub Class 2 are entitled under law.

46.   Sub Class 1 and Sub Class 2 meet the criterion for Rule 23(b)(2) certification in that members of Sub Class 1 and Sub Class 2 only seek declaratory relief.

### COUNT I – Declaratory Judgment
### (Sub Class 1)

47.   Plaintiffs reiterate the foregoing as if fully reproduced herein.

48. Defendant American Medical Response of Maricopa, LLC's patient, Mable Woo, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

49. Upon information and belief, Defendant Medicopy is Defendant American Medical Response of Maricopa, LLC's agent.

50. Upon information and belief, Defendant American Medical Response of Maricopa, LLC contracted with Defendant Medicopy to manage medical record requests. Defendant Medicopy sent the records and issued Plaintiff Mick Levin, PLC., an invoice for the records requested by Defendant American Medical Response of Maricopa, LLC's patient.

51. Defendant Jefferson Medical Group's patient, Shamika Cohen, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

52. Upon information and belief, Defendant Ciox Health, LLC is Defendant Jefferson Medical Group's agent.

53. Upon information and belief, Defendant Jefferson Medical Group contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC., an invoice for the records requested by Defendant Jefferson medical Group's patient.

54. Defendant Mayo Clinic Arizona's patient, Linda Benmour, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

55. Upon information and belief, Defendant Ciox Health, LLC d/b/a IOD Incorporated is Defendant Mayo Clinic Arizona's agent.

56.  Upon information and belief, Defendant Mayo Clinic Arizona contracted with Defendant Ciox Health, LLC d/b/a IOD Incorporated to manage medical record requests. Defendant Ciox Health, LLC d/b/a IOD Incorporated sent the records and issued Plaintiff Mick Levin, PLC, an invoice for the records requested by Defendant Mayo Clinic Arizona's patient.

57.  Defendant Abrazo West Campus' patient, Kristin Hart, requested medical records from her treatment be sent to Plaintiff Mick Levin, PLC.

58.  Upon information and belief, Defendant Ciox Health, LLC is Defendant Abrazo West Campus' agent.

59.  Upon information and belief, Defendant Abrazo West Campus contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC, an invoice for the records requested by Abrazo West Campus' patient.

60.  Defendant Abrazo Community Health Network's patient, Emmett Pipkins, requested medical records from his treatment be sent to Plaintiff Mick Levin, PLC.

61.  Upon information and belief, Defendant Ciox Health, LLC is Defendant Abrazo Community Health Network's agent.

62.  Upon information and belief, Defendant Abrazo Community Health Network contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC, an invoice for the records requested by Defendant Abrazo Community Health Network's patient.

63.   Defendant Yuma Regional Medical Center's patient, Jose Ortiz, requested medical records from his treatment be sent to Plaintiff Mick Levin, PLC.

64.   Upon information and belief, Defendant Ciox Health, LLC is Defendant Yuma Regional Medical Center's agent.

65.   Upon information and belief, Defendant Yuma Regional Medical Center contracted with Defendant Ciox Health, LLC. to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC an invoice for the records requested by Defendant Yuma Regional Medical Center's patient.

66.   Defendant Encompass Health's patient, Kristin Hart, requested records of her medical treatment be sent to Plaintiff Mick Levin, PLC.

67.   Upon information and belief, Defendant Ciox Health, LLC is Defendant Encompass Health's agent.

68.   Upon information and belief, Defendant Encompass Health contracted with Defendant Ciox Health, LLC to manage medical record requests. Defendant Ciox Health, LLC sent the records and issued Plaintiff Mick Levin, PLC an invoice for the records Plaintiff's client requested from Defendant Encompass.

69.   Defendant OrthoArizona's patients, Janice Parker and Jennifer Darchuk, requested records of their medical treatment be sent to Plaintiff Mick Levin, PLC.

70.   Upon information and belief, Defendant RRS Medical is Defendant OrthoArizona's agent.

71.   Upon information and belief, Defendant OrthoArizona contracted with Defendant RRS Medical to manage medical record requests. Defendant RRS Medical sent

the records and issued Plaintiff Mick Levin, PLC invoices for records requested

Defendant OrthoArizona's patients.

72. Defendant Dignity Health's patients, Lorenza Alonzo and Aguero Molina,

requested records of their medical treatment be sent to Plaintiff Mick Levin, PLC.

73. Upon information and belief, Defendant ScanStat Technologies, LLC is

Defendant Dignity Health's agent.

74. Upon information and belief, Defendant Dignity Health contracted with Defendant

ScanScat Technologies, LLC to manage medical record requests. Defendant

ScanStat Technologies, LLC sent the records and issued Plaintiff Mick Levin,

PLC invoices for the records requested by Defendant Dignity Health's patients.

75. Defendant Orthopedic Clinic's patient, Daniel Parent, requested records of his

medical treatment be sent to Plaintiff Mick Levin, PLC.

76. Upon information and belief, Defendant ScanStat Technologies, LLC Is

Defendant Orthopedic Clinic's agent.

77. Upon information and belief, Defendant Orthopedic Clinic contracted with

Defendant ScanStat Technologies, LLC to manage medical record requests.

Defendant ScanStat Technologies, LLC sent the records and issued Plaintiff

Mick Levin, PLC invoices for records requested by Defendant Orthopedic Clinic's

patients.

78. Defendant Central Phoenix Medical Clinic, LLC's patient, Mable Woo, requested

her medical records be sent to Plaintiff Mick Levin, PLC.

79. Upon information and belief, Defendant Sharecare is Defendant Central Phoenix

Medical Clinic, LLC's agent.

80.  Upon information and belief, Defendant Central Phoenix Medical Clinic, LLC contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC an invoice for the records requested by Defendant Central Phoenix Medical Clinic, LLC's patient.

81.  Defendant HonorHealth's patients, Jennifer Darchuk, Celeste Mohar, Peter Bruno, Linda Benmour, Tyler Corless-Bishop, Eileen Muro, Paula Jackson, and Emmett Pipkins, requested records of their medical treatment be sent to Plaintiff Mick Levin, PLC.

82.  Upon information and belief, Defendant Sharecare is Defendant HonorHealth's agent.

83.  Upon information and belief, Defendant HonorHealth contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC invoices for the records requested by Plaintiff's clients from Defendant HonorHealth.

84.  Defendant Sonoran Orthopedic's patient, Kristin Hart, requested records of her medical treatment be sent to Plaintiff Mick Levin, PLC.

85.  Upon information and belief, Defendant Sharecare is Defendant Sonoran Orthopedic's agent.

86.  Upon information and belief, Defendant Sonoran Orthopedic contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC invoices for records requested by Defendant Sonoran Orthopedic's patient.

87. Defendant Abrazo Scottsdale Campus' patient, Emmett Pipkins, requested records of his medical treatment be sent to Plaintiff Mick Levin, PLC.

88. Upon information and belief, Sharecare is Defendant Abrazo Scottsdale Campus' agent.

89. Upon information and belief, Defendant Abrazo Scottsdale Campus contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC an invoice for the record request made by Defendant Abrazo Scottsdale Campus' patient.

90. Defendant Abrazo Medical Group's patient, Anahi Rodriguez, requested their medical records be sent to Plaintiff Mick Levin, PLC.

91. Upon information and belief, Defendant Sharecare is Defendant Abrazo Medical Group's agent.

92. Upon information and belief, Defendant Abrazo Medical Group contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare sent the records and issued Plaintiff Mick Levin, PLC an invoice for the record request made by Plaintiff Mick Levin, PLC's client.

93. Defendant Abrazo Arrowhead's patient, Emmett Pipkins, requested records of his medical treatment be sent to Plaintiff Mick Levin, PLC.

94. Upon information and belief, Defendant Sharecare is Defendant Abrazo Arrowhead's agent.

95. Upon information and belief, Defendant Abrazo Arrowhead contracted with Defendant Sharecare to manage medical record requests. Defendant Sharecare

sent the records and issued Plaintiff Mick Levin, PLC an invoice for records
requested by Defendant Abrazo Arrowhead's patient.

96.  Defendant Tucson Medical Center's patient, Jennifer Lopez, requested records
of her medical treatment be sent to Plaintiff Bache & Lynche, PLLC.

97.  Upon information and belief, Defendant Tucson Medical Center contracted with
Defendant Sharecare to manage medical record requests. Defendant Sharecare
sent the records and issued Plaintiff an invoice for the request made by
Defendant Tucson Medical Center's patient.

98.  In each instance, Health Care Provider Defendants are charging Plaintiff Mick
Levin, PLC, Plaintiff Bache & Lynche, PLLC and other members of Sub Class 1
for medical records not requested by Plaintiff Mick Levin, PLC, and Bache &
Lynche, PLLC. In each instance, ***patients*** of Health Care Provider Defendants
are requesting their medical records to be sent to a third party/law firm (members
of Sub Class 1). Heath Care Provider Defendants then sent the medical records
and a bill for the medical records to the third party/law firms/members of Sub
Class 1. The members of Sub Class 1 did not enter into any agreement or make
any requests of Health Care Provider Defendants.

99.  Plaintiffs respectfully move this Court to hold there is no contract between Health
Care Provider Defendants and members of Sub Class 1 when patients of clients
of Sub Class 1/patients of Health Care Provider Defendants request their medical
records to be sent to members of Sub Class 1.

## COUNT II – Declaratory Judgment
### (Sub Class 2)

100.  Plaintiffs reiterate the foregoing as if fully reproduced herein.

101. On February 15, 2020, Plaintiff Marcos Morales ("Marcos") sent a request to Defendant HonorHealth for records of his medical treatment at Defendant HonorHealth's John C Lincoln North Mountain Hospital facility be sent to Plaintiff Mick Levin, PLC.

102. On March 2, 2020, Defendant Sharecare issued Plaintiff Mick Levin, PLC an invoice indicating Marcos's medical records consisted of 665 pages.

103. On or about March 23, 2020, Marcos went to Defendant HonorHealth's John C Lincoln North Mountain Hospital Facility and requested his full medical records.

104. Defendant HonorHealth provided to Marcos only 49 pages of medical records.

105. On April 22, 2020, Plaintiff John Novac ("John") went to Defendant Banner Health's Del E Webb location to collect his son's medical records.

106. Employees and/or agents of Defendant Banner Health provided John with incomplete medical records.

107. On May 12, 2020, John returned to Defendant Banner Health's Del E Webb location. John once again requested his son's full medical records. John was told by employees and/or agents of Defendant Banner Health John already received all of the records John was entitled to. If John would like the complete medical records, according to Defendant Banner Health employees and/or agents, John's attorney must request the records to receive a complete copy of them.

108. Under A.R.S. 12-2293, Defendants HonorHealth and Banner Health must "on the written request of a patient . . . for access to or copies of the patient's medical records and payment records, the health care provider in possession of the record shall provide access to or copies of the records to the patient. . .".

109.    Upon information and belief, Defendants HonorHealth and Banner Health refused to provide Marcos, John, and other members of Sub Class 2 their complete medical records upon valid request pursuant to A.R.S. 12-2293 due to the involvement of an attorney's office.

110.    Plaintiffs respectfully move this Court to require Defendants HonorHealth and Banner Health to provide Marcos, John, and other members of Sub Class 2 their complete medical records upon valid request pursuant to A.R.S. 12-2293 regardless of any other request.

WHEREFORE, Plaintiffs on behalf of themselves, Sub Class 1 and Sub Class 2, pray for judgment against Defendants as follows:

A.    Certify this case as a class action, pursuant to Rule 23(a) and 23(b)(2).

B.    Declare that there is no contract between Health Care Provider Defendants and members of Sub Class 1.

C.    Require that Defendants HonorHealth and Banner Health provide their medical records to members of Sub Class 2.

D.    Award costs and attorneys fees pursuant to A.R.S. 12-341 and A.R.S. 12-341.01.

E.    Provide such other relief as this Court deems just and proper.

DATED this 26th day of August, 2021

MICK LEVIN, P.L.C.

/s/ Mick Levin
Mick Levin
*Attorneys for Plaintiffs*

Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
9/2/2021 12:24:43 PM
Filing ID 13329536

1 | **MICK LEVIN, ESQ., (SBN 021891)**
**micklevin@mlplc.com**
2 | **MICK LEVIN, P.L.C.**
3401 N 32nd Street
3 | Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
4 | Fax: 800-385-1684
*Attorneys for Plaintiff*

5

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

7

8 | Mick Levin, PLC., an Arizona Professional
Limited Liability Company; Bache & Lynch,
9 | PLLC, an Arizona Professional Limited Liability
Company; Marcos Morales, an adult individual;
10 | John Novac, an adult individual;

Case No. __CV2021-012712__

**NOTICE OF FILING
WAIVER OF SERVICE RE:
DEFENDANT : HealthSouth
Valley of the Sun Rehabilitation
Hospital, LLC d/b/a Encompass
Health Valley of the Sun**

11 | Plaintiffs,

12 | v.

13 | Medicopy Services, Inc., d/b/a Medicopy, a
Foreign For-Profit (Business) Corporation;
14 | American Medical Response of Maricopa, LLC,
a Foreign Limited Liability Company; Mayo
15 | Clinic Arizona, an Arizona Nonprofit
Corporation; Ciox Health, LLC d/b/a IOD
16 | Incorporated, a Foreign Limited Liability
Company; Ciox Health, LLC, a Foreign Limited
17 | Liability Company; Hospital Development of
West Phoenix, Inc. d/b/a Abrazo West Campus
18 | a Foreign For-Profit (Business) Corporation;
Yuma Regional Medical Center, an Arizona
19 | Nonprofit Corporation; Orthopedic Specialists of
North America, PLLC d/b/a OrthoArizona, an
20 | Arizona Professional Limited Liability Company;
Record Reproduction Services, LLC, a Foreign
21 | Limited Liability Company; Record Reproduction
Services, LLC d/b/a RRS Medical, LLC, a
22 | Foreign Limited Liability Company; ScanStat

1 | Technologies, LLC, a Foreign Limited Liability
Company; Banner Medical Group d/b/a The
2 | Orthopedic Clinic Association, an Arizona
Nonprofit Corporation; Sharecare Health Data
3 | Services, LLC, a Foreign Limited Liability
Company; HonorHealth, an Arizona Nonprofit
4 | Corporation; Sonoran Orthopaedic Trauma
Surgeons, PLLC, an Arizona Professional
5 | Limited Liability Company; Tucson Medical
Center, an Arizona Nonprofit Corporaton; VHS
6 | Acquisition Subsidiary Number 1, Inc. d/b/a
Abrazo Scottsdale Campus, an Arizona For-
7 | Profit Health Care Corporation; HealthSouth
Valley of the Sun Rehabilitation Hospital, LLC
8 | d/b/a Encompass Health Valley of the Sun, a
Foreign Limited Liability Company; VHS
9 | Outpatient Clinics, Inc., d/b/a Abrazo Medical
Group, a Foreign For-Profit Health Care
10 | Corporation; VHS of Arrowhead, Inc. d/b/a
Abrazo Arrowhead, a Foreign For-Profit Health
11 | Care Corporation; Central Phoenix Medical
Clinic, LLC, an Arizona Limited Liability
12 | Company; Banner Health d/b/a Banner Del E
Webb Medical Center, an Arizona Nonprofit
13 | Corporation; Thomas Jefferson University
Hospitals, Inc., a Foreign Non-Profit Health Care
14 | Corporation;

15 |            Defendants.

16       Plaintiff, by and through counsel undersigned, hereby files the attached

17 signed Waiver of Service of Summons for Defendant **HealthSouth Valley of the**

18 **Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun.**

19                          DATED this _2nd__ day of __ September __, 2021

20                                      MICK LEVIN, P.L.C.

21                                      /s/ Mick Levin ____
                                       Mick Levin
22                                      *Attorneys for Plaintiff*

DATED this _2nd__ day of _September___, 2021

ORIGINAL of the foregoing E-FILED with:

Clerk of the Court
Maricopa County Superior Court

COPY of the foregoing Mailed to:

Jessica Gale
Spencer Fane, LLP
2415 E Camelback Rd., Suite 600
Phoenix, AZ 85016


/s/ C. Berry_____
Christy Berry

1   **MICK LEVIN, ESQ.,** (SBN 021891)
    micklevin@mlplc.com
2   **MICK LEVIN, P.L.C.**
3   3401 N. 32nd Street
    Phoenix, AZ 85018
4   Ph: 480-865-3051 / 866-707-7222
    Fax: 800-385-1684
5
6   *Attorneys for Plaintiffs*

7   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8   **IN AND FOR THE COUNTY OF MARICOPA**

9

| | |
|---|---|
| 10  Mick Levin, PLC., an Arizona Professional | Case No.   CV2021-012712 |
| 11  Limited Liability Company; Bache & Lynch, PLLC, an Arizona Professional Limited | |
|      Liability Company; Marcos Morales, an adult | **WAIVER OF SERVICE RE: DEFENDANT** |
| 12  individual; John Novac, an adult individual; | **HealthSouth Valley of the Sun Rehabilitation Hospital, LLC** |
| 13 | **d/b/a Encompass Health Valley of the Sun** |
| 14        Plaintiffs, | |
| 15  v. | |
| 16  Medicopy Services, Inc., d/b/a Medicopy, a | |
| 17  Foreign For-Profit (Business) Corporation; American Medical Response of Maricopa, | |
| 18  LLC, a Foreign Limited Liability Company; Mayo Clinic Arizona, an Arizona Nonprofit | |
| 19  Corporation; Ciox Health, LLC d/b/a IOD Incorporated, a Foreign Limited Liability | |
| 20  Company; Ciox Health, LLC, a Foreign Limited Liability Company; Hospital | |
| 21  Development of West Phoenix, Inc. d/b/a Abrazo West Campus a Foreign For-Profit | |
| 22  (Business) Corporation; Yuma Regional Medical Center, an Arizona Nonprofit | |
| 23  Corporation; Orthopedic Specialists of North America, PLLC d/b/a OrthoArizona, an | |
| 24  Arizona Professional Limited Liability | |
| 25  Company; Record Reproduction Services, LLC, a Foreign Limited Liability Company; | |
| 26 | |

1  Record Reproduction Services, LLC d/b/a
   RRS Medical, LLC, a Foreign Limited
2  Liability Company; ScanStat Technologies,
   LLC, a Foreign Limited Liability Company;
3  Banner Medical Group d/b/a The Orthopedic
   Clinic Association, an Arizona Nonprofit
4  Corporation; Sharecare Health Data
   Services, LLC, a Foreign Limited Liability
5  Company; HonorHealth, an Arizona
   Nonprofit Corporation; Sonoran Orthopaedic
6  Trauma Surgeons, PLLC, an Arizona
7  Professional Limited Liability Company;
   Tucson Medical Center, an Arizona Nonprofit
8  Corporaton; VHS Acquisition Subsidiary
9  Number 1, Inc. d/b/a Abrazo Scottsdale
   Campus, an Arizona For-Profit Health Care
10 Corporation; HealthSouth Valley of the Sun
   Rehabilitation Hospital, LLC d/b/a
11 Encompass Health Valley of the Sun, a
   Foreign Limited Liability Company; VHS
12 Outpatient Clinics, Inc., d/b/a Abrazo Medical
13 Group, a Foreign For-Profit Health Care
   Corporation; VHS of Arrowhead, Inc. d/b/a
14 Abrazo Arrowhead, a Foreign For-Profit
   Health Care Corporation; Central Phoenix
15 Medical Clinic, LLC, an Arizona Limited
16 Liability Company; Banner Health d/b/a
   Banner Del E Webb Medical Center, an
17 Arizona Nonprofit Corporation; Thomas
   Jefferson University Hospitals, Inc., a
18 Foreign Non-Profit Health Care Corporation;
19

20          Defendants.

21

22 TO: Plaintiffs and Mick Levin, attorney:

23 I, _Jessica Gale_, acknowledge receipt of your request that I waive

24 service of summons upon **HealthSouth Valley of the Sun Rehabilitation**

25 **Hospital, LLC d/b/a Encompass Health Valley of the Sun**. in the above

26

                              2

captioned action in the Superior Court of the State of Arizona in and for the County of Maricopa.

I have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after the Request for Waiver of Service of Summons was sent, or within ninety (90) days after that date if the request was sent outside the United States.

DATED this 1st day of September, 2021

_Spencer Fane LLP_

Representative for HealthSouth Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and

3

1  the pleading.  A defendant located in the  United States who, after being notified of

2  an action and asked by a plaintiff located in the United States to waive service of a

3  summons, fails to do so will be required to bear the cost of such service unless

4

5  good cause be shown for its failure to sign and return the waiver.

6       It is not good cause for a failure to waive service that a party believes that the

7  complaint is unfounded, or that the action has been brought in an improper place or

8  in a court that lacks jurisdiction over the subject matter of the action or over its

9  person or property. A party who waives service of the summons retains all

10  defenses and objections (except any relating to the summons or to the service of

11

12  the summons), and may later object to the jurisdiction of the court or to the place

13  where the action has been brought.

14       A defendant who waives service must, within the time specified on the waiver

15  form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the

16  complaint and also must file a signed copy of the response with the court. If the

17

18  answer or motion is not served within this time, a default judgment may be taken

19  against that defendant. By waiving service, a defendant is allowed more time to

20  answer than if the summons had been actually served when the request for waiver

21  of service was received.

22

23

24

25

26

4

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
9/9/2021 11:30:53 AM
Filing ID 13353505

1  **MICK LEVIN, ESQ., (SBN 021891)**
   **micklevin@mlplc.com**

2  **MICK LEVIN, P.L.C.**
   3401 N 32nd Street

3  Phoenix, AZ 85018
   Ph: 480-865-3051 / 866-707-7222

4  Fax: 800-385-1684

5  *Attorneys for Plaintiff*

6  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7  **IN AND FOR THE COUNTY OF MARICOPA**

8  | Mick Levin, PLC., an Arizona Professional

9  Limited Liability Company; Bache & Lynch, PLLC, an Arizona Professional Limited Liability    Case No. _CV2021-012712_

10 Company; Marcos Morales, an adult individual; John Novac, an adult individual;    **NOTICE OF FILING**
   **WAIVER OF SERVICE RE:**

11           Plaintiffs,    **DEFENDANT : ScanStat**
   **Technologies, LLC**

12 v.

13 Medicopy Services, Inc., d/b/a Medicopy, a
   Foreign For-Profit (Business) Corporation;

14 American Medical Response of Maricopa, LLC,
   a Foreign Limited Liability Company; Mayo

15 Clinic Arizona, an Arizona Nonprofit
   Corporation; Ciox Health, LLC d/b/a IOD

16 Incorporated, a Foreign Limited Liability
   Company; Ciox Health, LLC, a Foreign Limited

17 Liability Company; Hospital Development of
   West Phoenix, Inc. d/b/a Abrazo West Campus

18 a Foreign For-Profit (Business) Corporation;
   Yuma Regional Medical Center, an Arizona

19 Nonprofit Corporation; Orthopedic Specialists of
   North America, PLLC d/b/a OrthoArizona, an

20 Arizona Professional Limited Liability Company;
   Record Reproduction Services, LLC, a Foreign

21 Limited Liability Company; Record Reproduction
   Services, LLC d/b/a RRS Medical, LLC, a

22

1  Foreign Limited Liability Company; ScanStat
   Technologies, LLC, a Foreign Limited Liability
2  Company; Banner Medical Group d/b/a The
   Orthopedic Clinic Association, an Arizona
3  Nonprofit Corporation; Sharecare Health Data
   Services, LLC, a Foreign Limited Liability
4  Company; HonorHealth, an Arizona Nonprofit
   Corporation; Sonoran Orthopaedic Trauma
5  Surgeons, PLLC, an Arizona Professional
   Limited Liability Company; Tucson Medical
6  Center, an Arizona Nonprofit Corporaton; VHS
   Acquisition Subsidiary Number 1, Inc. d/b/a
7  Abrazo Scottsdale Campus, an Arizona For-
   Profit Health Care Corporation; HealthSouth
8  Valley of the Sun Rehabilitation Hospital, LLC
   d/b/a Encompass Health Valley of the Sun, a
9  Foreign Limited Liability Company; VHS
   Outpatient Clinics, Inc., d/b/a Abrazo Medical
10 Group, a Foreign For-Profit Health Care
   Corporation; VHS of Arrowhead, Inc. d/b/a
11 Abrazo Arrowhead, a Foreign For-Profit Health
   Care Corporation; Central Phoenix Medical
12 Clinic, LLC, an Arizona Limited Liability
   Company; Banner Health d/b/a Banner Del E
13 Webb Medical Center, an Arizona Nonprofit
   Corporation; Thomas Jefferson University
14 Hospitals, Inc., a Foreign Non-Profit Health Care
   Corporation;

15
           Defendants.
16

17         Plaintiff, by and through counsel undersigned, hereby files the attached

18 signed Waiver of Service of Summons for Defendant **ScanStat Technologies, LLC.**

19                    DATED this _9th_ day of __September_, 2021

20                          MICK LEVIN, P.L.C.

21                          /s/ Mick Levin_____
                            Mick Levin
22                          *Attorneys for Plaintiff*

1

DATED this _9th__ day of  September , 2021

2

ORIGINAL of the foregoing E-FILED with:

3

Clerk of the Court
4  Maricopa County Superior Court

5  COPY of the foregoing Mailed to:

6  ScanStat Technologies, LLC
   c/o Statutory Agent
7  Registered Agent Solutions, Inc.
   9 E. Loockerman St., Ste. 311
8  Dover, DE 19901

9

   /s/ C. Berry_____
10 Christy Berry

11

12

13

14

15

16

17

18

19

20

21

22

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ScanSTAT TECH
C/o STAT Agent
Registered Agent Solution
9 E. Loockerman, ST #311
DOVER, DE 19901

9590 9402 2728 6351 5030 48

2. Article Number (Transfer from service label)

7020 0640 0002 1392 4174

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  A H   C   G9
☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

J  WOODS                         8/30/21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt



**USPS TRACKING #**

9590 9402 2728 6351 5030 48

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**MICK LEVIN PLC**
**3401 N 32nd Street**
**Phoenix, AZ 85018**

MLPLC v ScanStat

Clerk of the Superior Court
*** Electronically Filed ***
M. Bouise, Deputy
9/3/2021 11:07:43 AM
Filing ID 13334461

1  SPENCER FANE LLP
   Andrew M. Federhar (No. 006567)
2  Jessica A. Gale (No. 030583)
   2415 E. Camelback Road, Suite 600
3  Phoenix, Arizona  85016
   Telephone:  (602) 333-5400
4  Facsimile: (602) 333-5431
   afederhar@spencerfane.com
5  jgale@spencerfane.com

6  Attorneys for Defendant HealthSouth Valley of the
   Sun Rehabilitation Hospital, LLC d/b/a
7  Encompass Health Valley of the Sun

8         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9             IN AND FOR THE COUNTY OF MARICOPA

10

11  Mick Levin, PLC., an Arizona          Case No. CV2021-012712
    Professional Limited Liability Company;
    Bache & Lynch, PLLC, an Arizona       **NOTICE OF APPEARANCE**
12  Professional Limited Liability Company;
    Marcos Morales, an adult individual; John   (The Hon. Jay Adelman)
13  Novac, an adult individual

14                 Plaintiff,
    v.
15
    Medicopy Services, Inc., d/b/a Medicopy,
16  a Foreign For-Profit (Business)
    Corporation; American Medical Response
17  of Maricopa, LLC, a Foreign Limited
    Liability Company; Mayo Clinic Arizona,
18  an Arizona Nonprofit Corporation; Ciox
    Health, LLC d/b/a IOD Incorporated, a
19  Foreign Limited Liability Company; Ciox
    Health, LLC, a Foreign Limited Liability
20  Company; Hospital Development of West
    Phoenix, Inc. d/b/a Abrazo West Campus a
21  Foreign For-Profit (Business) Corporation;
    Yuma Regional Medical Center, an
22  Arizona Nonprofit Corporation;
    Orthopedic Specialists of North America,
23  PLLC d/b/a OrthoArizona, an Arizona
    Professional Limited Liability Company;
24  Record Reproduction Services, LLC, a
    Foreign Limited Liability Company;
25  Record Reproduction Services, LLC d/b/a
    RRS Medical, LLC, a Foreign Limited
26  Liability Company; ScanStat
    Technologies, LLC, a Foreign Limited
27  Liability Company; Banner Medical
    Group d/b/a The Orthopedic Clinic
28  Association, an Arizona Nonprofit

PH 575228.1

1   Corporation; Sharecare Health Data
    Services, LLC, a Foreign Limited Liability
2   Company; HonorHealth, an Arizona
    Nonprofit Corporation; Sonoran
3   Orthopaedic Trauma Surgeons, PLLC, an
    Arizona Professional Limited Liability
4   Company; Tucson Medical Center, an
    Arizona Nonprofit Corporation; VHS
5   Acquisition Subsidiary Number 1, Inc.
    d/b/a Abrazo Scottsdale Campus, an
6   Arizona For-Profit Health Care
    Corporation; HealthSouth Valley of the
7   Sun Rehabilitation Hospital, LLC d/b/a
    Encompass Health Valley of the Sun, a
8   Foreign Limited Liability Company; VHS
    Outpatient Clinics, Inc., d/b/a Abrazo
9   Medical Group, a Foreign For-Profit
    Health Care Corporation; VHS of
10  Arrowhead, Inc. d/b/a Abrazo Arrowhead,
    a Foreign For-Profit Health Care
11  Corporation; Central Phoenix Medical
    Clinic, LLC, an Arizona Limited Liability
12  Company; Banner Health d/b/a Banner
    Del E Webb Medical Center, an Arizona
13  Nonprofit Corporation; Thomas Jefferson
    University Hospitals, Inc., a Foreign Non-
14  Profit Health Care Corporation;

15                    Defendants.

16          Andrew M. Federhar and Jessica A. Gale, of the law firm of Spencer Fane LLP,

17  hereby give notice of their appearance as counsel of record for Defendant HealthSouth

18  Valley of the Sun Rehabilitation Hospital, LLC d/b/a Encompass Health Valley of the Sun

19  in the above-captioned matter.

20          DATED this 3rd day of September, 2021.

21                                              SPENCER FANE LLP

22

23                                              /s/ Andrew M. Federhar
                                                Andrew M. Federhar
24                                              Jessica A. Gale
                                                Attorneys for Defendant
25                                              HealthSouth Valley of the Sun
                                                Rehabilitation Hospital, LLC d/b/a
26                                              Encompass Health Valley of the
                                                Sun

27

28

                                              - 2 -

E-FILED this 3rd day of
September, 2021, and a
COPY e-mailed/mailed the
same date to:

Mick Levin, ESQ.
MICK LEVIN, P.L.C.
3401 N. 32nd Street
Phoenix, AZ 85018
micklevin@mlplc.com
Attorney for Plaintiffs


/s/ *Katrina Thomas*_____

- 3 -