**Mick Levin, Esq., (SBN 021891)**
micklevin@mlplc.com
**MICK LEVIN, P.L.C.**
3401 N 32nd Street
Phoenix, AZ 85018
Ph: 480-865-3051 / 866-707-7222
Fax: 800-385-1684

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mick Levin, PLC, et al.; | Case No. 2:21-cv-01604-SMB |
| Plaintiffs, | |
| vs. | **PLAINTIFF'S MOTION TO REMAND** |
| Medicopy Services, Inc., d/b/a Medicopy, et al.; | |
| Defendants. | |

Plaintiffs, by and through counsel undersigned, hereby move to Remand this case to the Maricopa County Superior Court. The amount in controversy has not been met as the requested relief is non-monetary in nature. Additionally, the "local controversy" exception applies because there have been no cases with the same or similar factual basis as this case in the prior three years and the other criteria for the exception have been met. This Motion is supported by the following Memorandum of Points and Authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTS

The facts as relevant to the instant Motion to Remand, are as follows:

When a person is injured or killed as a result of someone else's negligence, frequently the victim or their family will hire a law firm to assist with a personal injury case. The victim's medical and billing records are, by and large, a necessary element of any personal injury claim. Most Arizona personal injury law firms instruct their clients to obtain the victim's medical and billing records and provide those records to the personal injury law firm. This is frequently accomplished by the victim or their family sending a letter to the relevant health care provider instructing the health care provider to send the victim's medical and billing records to the personal injury law firm.

Plaintiffs' Complaint alleges that Defendants, health care providers and their agents, send the victims' medical and billing records to the law firm, but charge the law firm for the medical and billing records – not the person making the request. Plaintiffs seek two class certifications: 1) Arizona personal injury law firms who have been billed for medical records requested by their clients and 2) Arizona personal injury victims who have requested their own records but were denied their medical and billing records, in part or in full, because of a previous request for medical and billing records to be sent to the victims' personal injury law firm.

Plaintiffs' Complaint requests that the Court declare there is no contract between personal injury law firms and health care providers or their agents when a client of the law firm requests that their records be sent to the law firm. Plaintiffs' Complaint also requests

that the Court require Defendant Health Care Providers to provide a patient with their medical and billing records regardless of whether there was a previous request to send the medical and billing records to an Arizona personal injury law firm.

Most of Defendants are Arizona medical providers, hospitals and physician groups, that are incorporated within Arizona and/or operate solely within Arizona. A minority of Defendants are out-of-state medical information technology companies that provide medical and billing records, on behalf of health care providers, in response to patients' requests. Aside from requesting attorney fees and costs, Plaintiffs are requesting no monetary damages or compensation whatsoever in this lawsuit. Rather, subclass 1 Plaintiffs are requesting that the Court declare no contract was formed between subclass 1 members and Defendants. Instead, such a contract is formed between subclass 1's clients and Defendants. Subclass 2 Plaintiffs are simply asking for their records to be provided to them when requested – regardless of whether a prior request to send records to an attorney was made.

## II.  LAW AND ARGUMENT

### A.  The amount in controversy has not been met.

In order to qualify for removal, the "amount in controversy" must exceed $5,000,000.00. 28 U.S.C. § 1332(d)(2). Here, Defendants have not demonstrated, by affidavit or otherwise, that the amount in controversy has been met.

Subclass 1's position is not that Defendants cannot bill for the services they provide – rather that Defendants cannot bill Subclass 1 members for the services they provide.

1  Patients who request their records be sent to members of subclass 1 are the contracting
2  parties – not the members of subclass 1.
3  By way of analogy, if a person orders a pizza to be delivered to their friend, the
4  person who makes the order is responsible for paying for the pizza – not the friend.
5  Otherwise, pretty much anyone could order a pizza for someone else, and the receiving
6  party would be stuck paying for it. Here, it is very much the same. Patients request their
7  records be sent to law firms. It is the patient/client who is responsible for paying for the
8  records, not the law firm who receives the records.
9  Thus, subclass 1's request is not that Defendants cannot bill anyone – they just have
10 to bill the requester, not the receiver. Should the Court grant the members of subclass 1 the
11 relief requested, Defendants have not shown that they would be injured in any way
12 whatsoever. Defendants would just have to send their bills to the right party – the
13 requester; not the receiver. As such, the sum total of the amount in controversy for subclass
14 1 is zero – except attorney fees, which, at this point, are negligible.
15 Subclass 2 members are also not requesting any damages. Their sole request is that
16 Defendants provide them their medical records, even if a patient previously made a request
17 for their records to be sent to an attorney. Again, the only damages requested by subclass 2
18 are attorney fees which, at this point, are negligible.
19 The amount in controversy in this matter has not been met and Federal jurisdiction
20 is inappropriate.
21     **B.**    **The "local controversy" exception applies.**
22     A district court shall decline jurisdiction if:

4

1. Greater than 2/3rd of the class are citizens of Arizona;
2. At least one Defendant whom significant relief is sought and whose conduct forms a significant basis for the relief is a citizen of Arizona;
3. The injuries occurred in Arizona; and
4. During the prior 3 years, no other class action has been filed asserting the same or similar factual allegations against any of the Defendants

28 U.S.C. § 1332(d)(4)(A).

Subclass 1 and subclass 2 Plaintiffs, definitionally, are "Arizona law firms" and "Arizona residents". See ¶¶ 36-7 of Plaintiffs' Complaint. Most of Defendants are Arizona health care providers who billed subclass 1 or refused to provide medical records to subclass 2. All of the acts complained of in Plaintiffs' Complaint occurred in Arizona. No other class action has been filed asserting the same or similar factual allegations. As such, the district court should decline jurisdiction.

Defendant Ciox, in the Notice of Removal, asserts that the fourth criteria has not been met and removal is thus appropriate, but they are mistaken. Defendant Ciox referred to class action litigation contending that Ciox overcharged personal injury attorneys or failed to provide all medical records requested in Wisconsin, Montana, and South Carolina. However, these cases did not assert the same or similar factual allegations. Continuing with the prior analogy, this case is about who pays for the pizza. It is not about how much is being charged for the pizza or whether the pizza is missing a few slices. Plaintiffs' counsel did diligent research and discovered 10 different class action cases filed against Defendant Ciox, as well as others, but none of those cases involve the same facts as alleged in this

case. Charging too much and not delivering the goods are quite different than determining who has to pay the bill. As such, Federal jurisdiction is not appropriate.

## III. CONCLUSION

The Court should Remand this matter to the Maricopa County Superior Court. Plaintiffs request their reasonable attorney fees and costs in conjunction with this request pursuant to 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

DATED this 18th day of October, 2021.

MICK LEVIN, P.L.C.

/s/ Mick Levin
Mick Levin
Mick Levin, PLC
3401 North 32nd Street
Phoenix, AZ 85018
480.865.3051
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF System. I have mailed/emailed the foregoing document to the following participants:

Michael W. Sillyman
Paul S. Gerding, Jr.
Tyler Milliron
Kutack Rock, LLP
8601 N Scottsdale Rd., Suite 300
Scottsdale, AZ 85253
Michael.sillyman@kutakrock.com
Paul.gerginjr@kutakrock.com
Tyler.milliron@kutakrock.com
*Attorneys for Defendants VHS Arrowhead, Inc., VHS Outpatient Clinic Inc., Hospital Development of West Phoenix, Inc., VHS Acquisition Subsidiary Number 1, Inc., and Vanguard Health Management, Inc.*

Carlyle Washington Hall, III
Maria Fernanda Hubbard
Polsinelli PC
1 East Washington Street, Suite 1200
Phoenix, AZ 85004
chall@polsinelli.com
mhubbard@polsinelli.com
*Attorneys for Defendants Medicopy Services Incorporated, American Medical Response of Maricopa, LLC, Record Reproduction Services, LLC, ScanStat Technologies, LLC, Sharecare Health Data Services, LLC*

David B. Rosenbaum
Joseph Nathaniel Roth
Osborn Maledon PA
P.O. Box 36379
Phoenix, AZ 85067
drosenbaum@omlaw.com
jroth@omlaw.com

Jay Phillip Lefkowitz
Joseph M. Sanderson
Kirkland & Ellis, LLP
601 Lexington Avenue

7

New York, NY 10022
lefkowitz@kirkland.com
*Attorneys for Defendants Ciox Health LLC d/b/a IOD Incorporated and Ciox Health LLC*

Andrew Federhar
Jessica Anne Gale
Spencer Fane
2415 E Camelback Rd, Suite 600
Phoenix, AZ 85016
afederhar@spencerfane.com
jgale@spencerfane.com
*Attorneys for Defendant Healthsouth Valley of the Sun Rehabilitation Hospital LLC*

*/s/ A. Van Duffelen*
Alexandra Van Duffelen